1  GABRIEL M. RAMSEY (SBN 209218)
     gramsey@crowell.com
2  JOACHIM B. STEINBERG (SBN 298066)
     jsteinberg@crowell.com
3  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
4  San Francisco, CA 94111
   Telephone:  415.986.2800
5  Facsimile:  415.986.2827

6  Attorneys for Defendant
   ERIC BRAVICK
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  DFINITY USA RESEARCH, LLC, a limited          Case No. 5:22-cv-03732
    liability company,
13                                                **DEFENDANT ERIC BRAVICK'S**
                Plaintiff,                        **NOTICE OF REMOVAL**
14
15          v.                                    (Santa Clara Superior Court
                                                  Case No. 22CV398321)
16  ERIC BRAVICK, an individual and DOES 1
    through 100, inclusive,                        Complaint filed:  May 11, 2022
17
                Defendant.
18

19      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446,

21  Eric Bravick ("Defendant" or "Mr. Bravick") hereby removes this state court action, *Dfinity USA*

22  *Research, LLC v. Eric Bravick, et al.*, Case No. 22CV398321, from the Superior Court of the

23  State of California for the County of Santa Clara to the United States District Court for the

24  Northern District of California.  As required by 28 U.S.C. § 1446(a), all process, pleadings, and

25  orders served on Defendant in the action to date are attached hereto as **Exhibits 1**, **2**, and **3**.  In

26  support of this Notice of Removal, Defendant Bravick states as follows:

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## BACKGROUND

1.   On May 11, 2022, an action was commenced in the Superior Court of the State of California, County of Santa Clara, entitled DFINITY USA Research, LLC v. Eric Bravick, as Case Number 22CV398321. True and correct copies of the complaint ("Complaint"), summons ("Summons"), and proof of service in that action are attached to this Notice of Removal as Exhibits 1, 2, and 3, respectively.

2.   Mr. Bravick was personally served in Michigan on May 25, 2022.

3.   The Complaint alleges seeks five causes of action: 1) Breach of Contract, 2) Conversion, 3) Civil Penalties Under California Penal Code 496(c), 4) Restoration of Property Pursuant to Civil Code § 1712, and 5) Unjust Enrichment/Constructive Trust.

## TIMELINESS OF REMOVAL

4.   This Notice of Removal is timely because it is being filed within thirty (30) days of Mr. Bravick's receipt of the Summons and Complaint on May 25, 2022, and within one year of the commencement of this action. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

5.   The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable under 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6.   In order to satisfy the amount in controversy requirement, it must be "more likely than not" that the amount in controversy exceed the jurisdictional minimum of $75,000, exclusive of interests and costs. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996); 28 U.S.C. § 1332(a).

7.   Here, the Complaint states that Plaintiff seeks damages "in excess of $197,833." Complaint ¶ 51.

## COMPLETE DIVERSITY EXISTS

8.   **Plaintiff's Citizenship:** Plaintiff is, and at all times since the commencement of this

1  action has been, a citizen of California within the meaning of 28 U.S.C. § 1332(c)(1). A "limited

2  partnership or a corporation is a citizen of (1) the state under whose laws it is organized or

3  incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada,*

4  *N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (quoting 28 U.S.C. § 1332(c)(1).)

5      9.  Plaintiff's own Complaint states that it is "a Delaware limited liability company with its

6  principal place of business in Palo Alto, California." Complaint ¶ 2.

7      10. **Defendant's Citizenship:** Defendant is and, at all times since the commencement of this

8  action, has been a resident of the State of Michigan. Declaration of Joachim B. Steinberg ¶ 3. For

9  purposes of establishing diversity of citizenship, a person is a citizen of the state in which he or

10  she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A

11  person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v.*

12  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Diversity of citizenship is determined as

13  of the time the complaint was filed. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir.

14  2005).

15      11. Plaintiff's Complaint states that Defendant "resid[es] in Traverse City, Michigan."

16  Complaint ¶ 3.

17      12. **Doe Defendants:**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

18  unknown defendants should be disregarded for purposes of establishing removal jurisdiction

19  under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

20  Unnamed defendants are not required to join in a removal petition. *Id.*  Accordingly, the fact that

21  Plaintiff has also named Doe defendants does not deprive this Court of jurisdiction.

22                                          **<u>VENUE</u>**

23      13. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a),

24  1446(a), and 84(a).  This action originally was brought in the Superior Court of the State of

25  California, County of Santa Clara, which is located within the Northern District of the State of

26  California. *See* Complaint.

27                                  **<u>NOTICE OF REMOVAL</u>**

28      14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal

1    will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be

2    filed with the Clerk of the Superior Court of the State of California, County of Santa Clara, in the

3    State Court Action.

4        15. This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of

5    Service regarding the Notice of Removal will be filed shortly after these papers are filed and

6    served.

7        16. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings,

8    and orders filed and/or served in this action are attached as Exhibits 1-3.

9

10   WHEREFORE, Mr. Bravick prays that this civil action be removed from the Superior Court of

11   the State of California, County of Santa Clara, to the United States District Court for the Northern

12   District of California.

13   Dated:  June 24, 2022                     Respectfully submitted,

14                                             CROWELL & MORING LLP

15

16                                             By: _____

17                                                 Gabriel M. Ramsey
                                                   Joachim B. Steinberg

18                                             Attorneys for Defendant
                                               ERIC BRAVICK
19

20

21

22

23

24

25

26

27

28