GABRIEL M. RAMSEY (SBN 209218)
  gramsey@crowell.com
JOACHIM B. STEINBERG (SBN 298066)
  jsteinberg@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
ERIC BRAVICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFINITY USA RESEARCH, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ERIC BRAVICK, an individual and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 5:22-cv-03732-NC<br><br>**DEFENDANT ERIC BRAVICK'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 10, 2022<br>Time: 1:00 p.m.<br>Ctrm: Courtroom 5<br>Judge: Hon. Nathanael Cousins<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Complaint filed: May 11, 2022 |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Eric Bravick ("Defendant" or "Mr. Bravick") respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing two claims in the Complaint of Dfinity USA Research, LLC ("Plaintiff" or "Dfinity"), filed May 11, 2022, on the basis that Plaintiff has failed to state a claim upon which relief can be granted. The grounds for this Motion are that Plaintiff has not adequately pled a claim under California Penal Code 496(c) and Unjust Enrichment/Constructive Trust is not a cause of action under California law.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, accompanying declaration from Eric Bravick, all other pleadings, papers and records filed with the Court concerning this matter, and on such further evidence as may be presented at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 12(b)(6), Mr. Bravick hereby moves for dismissal of claims Three (Civil Remedies Under California Penal Code 496(c) and Five (Unjust Enrichment/Constructive Trust) of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff can state a claim against Mr. Bravick for civil penalties under California Penal Code 496(c) where Plaintiff does not allege any facts establishing that the property at issue was stolen when it came into Mr. Bravick's possession, that Mr. Bravick had actual knowledge or believed the property was stolen, or that the property was in fact stolen under the definition applicable to California Penal Code 496(c) California Penal Code 496(c).

2. Whether Plaintiff can state a claim against Defendant for unjust enrichment/constructive trust when neither unjust enrichment nor constructive trust are recognized as standalone causes of action under California law.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

**TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ............................................................................................................. 1
II.    BACKGROUND ............................................................................................................... 1
III.   ARGUMENT ..................................................................................................................... 3
       A.    Rule 12(b)(6) ........................................................................................................... 3
       B.    Plaintiff Has Not Stated a Claim Under California Penal Code 496(c) ................... 4
       C.    Unjust Enrichment/Constructive Trust is Not a Cause
             of Action Under California Law .............................................................................. 8
IV.    CONCLUSION ................................................................................................................ 10

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AdTrader, Inc. v. Google LLC*,
  No. 17-CV-07082-BLF, 2018 WL 3428525 (N.D. Cal. July 13, 2018) ................................... 7

*Alvarez v. Adtalem Educ. Grp., Inc.*,
  No. 19-CV-04079-JSW, 2019 WL 13065378 (N.D. Cal. Dec. 16, 2019) .............................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 4

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) ............................................................................................... 8

*Atienza v. Wells Fargo Bank, N.A.*,
  No. C 10-03457 RS, 2011 WL 839400 (N.D. Cal. Mar. 7, 2011) ........................................ 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 4

*Bell v. Feibush*,
  212 Cal. App. 4th 1041 (2013) ............................................................................................ 6

*City of San Diego v. Monsanto Co.*,
  334 F. Supp. 3d 1072 (S.D. Cal. 2018) ............................................................................... 9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ............................................................................................... 8

*Dfinity USA Research, LLC v. Bravick*,
  Case No. 22-cv-398321 (Cal. Sup. Ct.) ............................................................................... 1

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ............................................................................................ 8

*Flynt v. Shimazu*,
  No. 216CV02831JAMJDP, 2021 WL 134491 (E.D. Cal. Jan. 14, 2021) ............................. 7

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ............................................................................................. 4

*Grouse River Outfitters Ltd v. NetSuite, Inc.*,
  No. 16-CV-02954-LB, 2016 WL 5930273 (N.D. Cal. Oct. 12, 2016) .................................. 5

*Hall v. Marriott Int'l, Inc.*,
  No. 19-CV-1715 JLS (AHG), 2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) ....................... 9

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

# TABLE OF AUTHORITIES
(Continued …)

**Page(s)**

*Herring Networks, Inc. v. Maddow*,
   8 F.4th 1148 (9th Cir. 2021) .................................................................................................. 7

*Hueso v. Select Portfolio Servicing*,
   527 F. Supp. 3d 1210, 1231 (S.D. Cal. 2021) ..................................................................... 5, 6

*Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*,
   No. CV1701875MWFMRWX, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ...................... 8

*Kozlowski v. Stroomberg*,
   No. 2:13-CV-00291-JAM, 2013 WL 5883672 (E.D. Cal. Aug. 21, 2013) .............................. 9

*M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*,
   No. 12-cv-1424 CAB (BLM) 2013 WL 12072526, at *3 (S.D. Cal. June 26,
   2013) ...................................................................................................................................... 7

*McBride v. Boughton*,
   123 Cal. App. 4th 379 ......................................................................................................... 8, 9

*Mollett v. Netflix, Inc.*,
   795 F.3d 1062 (9th Cir. 2015) ................................................................................................ 4

*Mosier v. Stonefield Josephson, Inc.*,
   815 F.3d 1161 (9th Cir. 2016) ................................................................................................ 9

*Nowak v. Xapo, Inc.*,
   No. 5:20-CV-03643-BLF, 2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) .......................... 5, 6

*People v. Stuart*,
   272 Cal. App. 2d 653 (1969) .................................................................................................. 5

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
   302 F. Supp. 3d 1005 (N.D. Cal. 2017) ................................................................................. 6

*Rutherford Holdings, LLC v. Plaza Del Rey*,
   223 Cal. App. 4th 221 (2014) ................................................................................................ 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................................................ 4

*Siry Inv., L.P. v. Farkhondehpour*,
   45 Cal. App. 5th 1098 (2020) ................................................................................................. 6

*Souter v. Edgewell Pers. Care Co.*,
   542 F. Supp. 3d 1083 (S.D. Cal. 2021) .................................................................................. 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-v-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

# TABLE OF AUTHORITIES
(Continued …)

**Page(s)**

*Stanford Hosps. & Clinics v. Archstone Communities, LLC*,
   No. 5:11-CV-00620-JF, 2011 WL 1748432 (N.D. Cal. May 6, 2011) ...................................... 2

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) ............................................................................................................ 7

*Swanson v. ALZA Corp.*,
   No. C 12-4579 PJH, 2013 WL 968275 (N.D. Cal. Mar. 12, 2013) ......................................... 9

*U.S. v. Flores*,
   901 F.3d 1150 (9th Cir. 2018) .................................................................................................. 5

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................................................... 2

**Statutes**

Cal. Civ. Code § 1712 .................................................................................................................... 3

Cal. Penal Code § 484(a) ............................................................................................................... 6

Cal. Penal Code § 484(a) ............................................................................................................... 6

Cal. Penal Code § 496 .................................................................................................................... 5

Cal. Penal Code § 496(a) ........................................................................................................... 4, 5

Cal. Penal Code § 496(b) ............................................................................................................... 4

Cal. Penal Code § 496(c) ....................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................................ 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 2, 3, 8

Fed. R. Civ. P. 81(c)(2) .................................................................................................................. 3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-vi-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Dfinity USA Research, LLC ("Dfinity USA" or "Plaintiff") is the United States arm of a blockchain company. An offshoot of a Swiss-based foundation, Dfinity USA has attempted to create a decentralized network to run what it calls an "internet computer." It hired Eric Bravick ("Bravick" or "Defendant") to help set up the data centers at the core of its business. Although Mr. Bravick successfully carried out his duties and even earned a promotion while employed by Dfinity USA, until Dfinity USA suddenly, unexpectedly, and wrongfully terminated Mr. Bravick's employment without explanation or cause.

Dfinity USA has sued Mr. Bravick for the return of computer equipment. In doing so, Dfinity USA brings at least two claims that lack any merit. First, it alleges civil liability under the California Penal Code, despite clear law holding that the provision of the Penal Code cited does not apply to similar circumstances. Second, it raises a claim for "unjust enrichment," even though unjust enrichment is not a standalone cause of action under California law. Although Mr. Bravick believes that the remaining causes of action lack merit, he moves this Court to immediately dismiss, with prejudice, Dfinity USA's claims under the California Penal Code and for unjust enrichment, because Dfinity USA has not—and cannot—state a claim for relief under either theory.

## II.    BACKGROUND

The Dfinity Foundation ("Dfinity Foundation" or collectively with Dfinity USA, "Dfinity") is a Swiss nonprofit that seeks to create a blockchain-based "internet computer." Although organized as a nonprofit, the Dfinity Foundation and its subsidiaries have raised significant outside capital. The Dfinity project was built around an initial coin offering, which is, for a cryptocurrency company, the rough equivalent of taking a company public.

Dfinity's internet computer relies on decentralized servers. The network for the internet computer is a set of geographically dispersed data centers, each containing several network "nodes." Each node, in turn, has "subnets." Dfinity USA hired Mr. Bravick in April 2020 as Senior Director of Data Services. *Dfinity USA Research, LLC v. Bravick*, Case No. 22-cv-398321

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

(Cal. Sup. Ct.), Complaint ("Complaint,")[1] ¶ 7. Although his employment agreement[2] did not specify his job responsibilities, Mr. Bravick's role was to help establish data centers around the world. Mr. Bravick began working for Dfinity USA in May 2020. Complaint ¶ 8. By August 2020, he was promoted to "interim Vice President of Engineering." *Id.* In June 2021,[3] Dfinity USA terminated Mr. Bravick. *See* Complaint ¶ 10.

Dfinity USA alleges that while Mr. Bravick was an employee, it sent unspecified computer equipment ("Equipment"), claimed to be worth about $197,833.00 when new, to Mr. Bravick. *Id.* ¶ 9. Dfinity USA's Complaint does not identify what the Equipment is, when it was sent to Mr. Bravick, or why it was sent to him, except a conclusory statement that the Equipment was sent to him "to allow him to perform his employment-related duties." *Id.* Dfinity USA's Complaint does allege that a vendor, Chris Tarpley, attempted to arrange to collect the Equipment. *Id.* ¶ 12. Mr. Tarpley emailed Mr. Bravick on October 4, 2021. *See* Declaration of Eric Bravick ("Bravick Decl.") ¶ 3, Ex. 1. Tarpley Email E. Bravick, Oct. 4, 2021. That email contained a list of the Equipment. *Id.*[4] It did not say that Dfinity considered the equipment stolen, accuse Mr. Bravick of any interference with the property, or allege that Mr. Bravick had profited from the Equipment. *See id.* Counsel for Dfinity sent another email to Mr. Bravick on November 2, 2021. *See* Complaint ¶ 13. That email, like Mr. Tarpley's, did not say that the Equipment was stolen, accuse Mr. Bravick of any interference with the property, or claim that Mr. Bravick had profited from the Equipment. *See* Bravick Decl. ¶ 4, Ex. 2. Newman Email E. Bravick, Nov. 2,

---

[1] The Complaint is attached to the Notice of Removal, Dkt. No. 1, as Exhibit 1.

[2] The Employment Agreement, Complaint Ex. A, its attached Invention and Non-Disclosure Agreement, Exhibit A to Complaint Ex. A, and Non-Solicitation Agreement, Exhibit B to Complaint Ex. A, each contain choice-of-law clauses applying California law. Although Mr. Bravick does not concede the applicability, validity, or enforceability of any of these agreements, for the purpose of this Motion, he assumes that California law applies.

[3] Although the Complaint alleges that Mr. Bravick was terminated in July 2021, the record will show that it was in June.

[4] Although a Rule 12(b)(6) motion is limited to the four corners of the complaint, documents can be "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Stanford Hosps. & Clinics v. Archstone Communities, LLC*, No. 5:11-CV-00620-JF, 2011 WL 1748432, at *2 (N.D. Cal. May 6, 2011) (same).

2021. Dfinity USA alleges that it filed a report with the Palo Alto Police, Complaint ¶ 14, but does not allege that criminal charges were ever filed or even investigated. *Id.*

Dfinity USA filed suit in California state court on May 11, 2022, and served Mr. Bravick in Michigan on May 25, 2022. Dkt. No. 1, Notice of Removal ¶¶ 1-2. Mr. Bravick removed to this Court on June 24, 2022.[5] Dfinity USA has alleged five causes of action against Mr. Bravick: breach of contract, conversion, civil penalties under California Penal Code 496(c), restoration of property pursuant to Civil Code § 1712, and "unjust enrichment/constructive trust." Mr. Bravick denies any liability and looks forward to vigorously contesting all of these claims,[6] but moves now for dismissal without leave to amend on the claims for unjust enrichment and civil penalties under California Penal Code 496(c).

### III. ARGUMENT

Dfinity USA has failed to state a claim under California Penal Code 496(c) or for unjust enrichment. Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed when it does not state facts upon which relief can be granted. A court may dismiss a claim without leave to amend where any amendment would be futile. Plaintiff has not stated a claim under California Penal Code 496(c) because, among other reasons, the Equipment is not and cannot be alleged to have been stolen when it came into Mr. Bravick's possession. Because Plaintiff explicitly alleges that it voluntarily sent the Equipment to Mr. Bravick, no set of facts exist that could state a claim under that statute. Thus, dismissal without leave to amend is appropriate. Plaintiff's claim for "unjust enrichment/constructive trust" should also be dismissed without leave to amend because neither "unjust enrichment" nor "constructive trust" is a standalone claim under California law.

#### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

---

[5] Following removal, the deadline to respond to a complaint is "21 days after receiving – through service or otherwise – a copy of the initial pleading . . ." or within "7 days after the notice of removal is filed," whichever is longest. Fed. R. Civ. Pro. 81(c)(2). This Motion is thus timely.

[6] Mr. Bravick reserves all rights and affirmative defenses as to the remaining claims.

1  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
2  plausible only if the plaintiff pleads facts that "allows the court to draw the reasonable inference
3  that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
4  (2009).

5       For a claim to proceed, there must be "more than a sheer possibility that a defendant has
6  acted unlawfully." *Id*. Courts do not "accept as true allegations that are merely conclusory,
7  unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536
8  F.3d 1049, 1055 (9th Cir. 2008), and a court is "'not bound to accept as true a legal conclusion
9  couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

10      A claim should be dismissed "where there is either a lack of a cognizable legal theory or
11 the absence of sufficient facts alleged under a cognizable legal claim." *Mollett v. Netflix, Inc.*, 795
12 F.3d 1062, 1065 (9th Cir. 2015) (internal quotation marks and citation omitted). Leave to amend
13 should be denied if the court determines that "allegation[s] of other facts consistent with the
14 challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*
15 *Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

16   **B.   Plaintiff Has Not Stated a Claim Under California Penal Code 496(c)**

17      Plaintiff has alleged that it voluntarily sent the Equipment to Mr. Bravick. Complaint ¶ 9.
18 It therefore cannot allege that the property was stolen when it came into Mr. Bravick's
19 possession, which dooms its claim under California Penal Code section 496(c). Nor has Plaintiff
20 alleged that Mr. Bravick was ever aware that the property was "stolen," another fatal defect with
21 its claim. This Court should dismiss this claim.

22      California Penal Code section 496(c) states that "[a]ny person who has been injured by a
23 violation of subdivision (a) or (b) may bring an action for three times the amount of actual
24 damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."
25 Subdivision (a) criminalizes buying or receiving stolen property.[7] Cal. Penal Code § 496(a). To
26 state a claim for civil penalties under California Penal Code section 496(c), Dfinity must allege

---

[7] Subdivision (b) criminalizes certain conduct by swap meet vendors and is inapplicable. *See* Cal. Penal Code § 496(b).

1  "'(1) that the property has been stolen; (2) that the accused received, concealed or withheld it
2  from its owner; and (3) that the accused knew the property was stolen.' *People v. Stuart*, 272 Cal.
3  App. 2d 653, 656 (1969). The third element, 'requires actual knowledge of or belief that the
4  property is stolen.' *U.S. v. Flores*, 901 F.3d 1150, 1161 (9th Cir. 2018) (citing *People v. Tessman*,
5  223 Cal. App. 4th 1293, 1302 (2014)); *Nowak v. Xapo, Inc.*, No. 5:20-CV-03643-BLF, 2020 WL
6  6822888, at *2 (N.D. Cal. Nov. 20, 2020). Dfinity USA has not alleged that the property was
7  stolen when Mr. Bravick received it, that he was ever aware that the property was "stolen," or that
8  the property was even stolen with the definition applied to California Penal Code 496(c). As a
9  result, Dfinity's claim should be dismissed.

10  *First*, Plaintiff has not alleged this property was stolen when it came into Mr. Bravick's
11  possession. California Penal Code 496 addresses the receipt of stolen property. "Which is to say,
12  when the property in question comes into the defendant's hands, *it must already have the*
13  *character of having been stolen*." *Grouse River Outfitters Ltd v. NetSuite, Inc.*, No. 16-CV-
14  02954-LB, 2016 WL 5930273, at *14 (N.D. Cal. Oct. 12, 2016). Plaintiff has actually alleged the
15  opposite: that it sent Mr. Bravick the equipment willingly and for its own purposes. *See*
16  Complaint ¶ 9. As a result, section 496(c) does not apply. *See Hueso v. Select Portfolio Servicing*,
17  *Inc.*, 527 F. Supp. 3d 1210, 1231 (S.D. Cal. 2021) (*"*the statute clearly requires that property
18  received by a person or entity subject to the statute either 'has been stolen' or 'has been obtained
19  in any manner constituting theft ....' Cal. Pen. Code § 496(a)."); *cf. Alvarez v. Adtalem Educ.*
20  *Grp., Inc.*, No. 19-CV-04079-JSW, 2019 WL 13065378, at *5 (N.D. Cal. Dec. 16, 2019) ("A
21  cause of action for civil theft cannot lie where a plaintiff receives legitimate services based on
22  mutual agreement to pay for those services. *See AdTrader, Inc. v. Google LLC*, 17-cv-07082,
23  2018 WL 3428525, at *9-10 (N.D. Cal. July 13, 2018).").

24  *Second*, Plaintiff has not even alleged that Mr. Bravick had any actual knowledge or belief
25  that the equipment was "stolen." The Complaint alleges that Mr. Bravick "did not respond" to
26  Dfinity's requests, *see, e.g.*, Complaint ¶¶ 12-13 and 15-16, but no allegations that Mr. Bravick
27  knew the equipment was stolen besides a conclusory allegation of knowledge. *See id.* ¶ 34. The
28  Complaint sidesteps alleging that Mr. Bravick was ever told directly that he possessed "stolen"

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

property. *See id.* ¶¶ 12-16. And process, such as the purported police reports, would only put Mr. Bravick on notice of the claim of theft, not that he had property that was actually stolen at the moment he came into possession of it. *See Nowak*, 2020 WL 6822888, at *3 (filing a complaint is insufficient to show actual knowledge of a theft).

*Third*, while Plaintiff also alleges conversion, that is not a sufficient basis for theft under section 496(c). "We chart yet a different path in ruling that treble damages are not available under Penal Code section 496, subdivision (c) in cases where the plaintiff merely alleges and proves conduct involving fraud, misrepresentation, conversion, or some other type of theft that does not involve 'stolen' property." *Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098, 1134 (2020), as modified on denial of reh'g (Mar. 23, 2020), *review granted*, 468 P.3d 701 (2020). As the court found in *Siry*, there is no reason to believe that the California state legislature intended to "transmogrify the law of remedies for those torts." *Id.* at 1135. Nor did the legislature intend to "effectively repeal the punitive damages statutes." *Id.* at 1136. But if treble damages were available merely on a showing of conversion, which could be proven by a preponderance of the evidence, then section 496(c) would displace punitive damages, which require a showing of "oppression, fraud, or malice." *Id.*

*Fourth*, Plaintiff has not alleged that the property was "stolen" under California Penal Code section 496(c); even before *Siry* clarified and narrowed the scope of section 496(c), the definition of "stolen" property in California would not apply. While "[n]either state nor federal courts agree on what conduct is captured by this element," *Hueso*, 527 F. Supp. 3d at 1229, the most expansive definition any court has appeared to apply is that it captures any act listed in California Penal Code section 484(a). *See, e.g.*, *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1048 (2013). Under that definition, Dfinity would have to show that Mr. Bravick "fraudulently appropriate[d] the property." Cal. Penal Code 484(a). They have not done so. And even if Plaintiff had alleged a theory of fraudulent misappropriation, that claim would sound in fraud and would be subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which Plaintiff has not even come close to satisfying. *See, e.g.*, *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1022 (N.D. Cal. 2017).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

1    *Fifth*, Dfinity's claim is barred by California's "presumption against extraterritorial
2    application." *See, e.g.*, *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). Dfinity USA can
3    only claim that the property was unlawfully in his possession after Mr. Bravick was fired, when
4    he lived in Michigan. *See* Complaint ¶ 8. The California Penal Code does not apply to conduct in
5    Michigan. *See M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, No. 12-CV-1424 CAB (BLM), 2013
6    WL 12072526, at *3 (S.D. Cal. June 26, 2013) ("This Court is not persuaded that the California
7    Penal Code is intended to reach the acts of citizens of a foreign jurisdiction that occurred solely in
8    that foreign jurisdiction."); *Flynt v. Shimazu*, No. 216CV02831JAMJDP, 2021 WL 134491, at *3
9    (E.D. Cal. Jan. 14, 2021) (refusing to apply regulations extraterritorially despite plaintiffs'
10   argument that such an application was "mandated" by the California Penal Code); *see also*
11   *Sullivan*, 51 Cal. 4th at 1207 n.9 ("Plaintiffs' claim also potentially implicates the due process
12   clause of the United States Constitution (14th Amend.), which places additional limitations on the
13   extraterritorial application of state law.") (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797,
14   818(1985)).

15   Finally, Plaintiff cannot amend the Complaint to state a claim under California Penal
16   Code section 496(c). A court acts within its discretion when it dismisses a claim without leave to
17   amend because any amendment would be futile. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148,
18   1161 (9th Cir. 2021); *see also Atienza v. Wells Fargo Bank, N.A.*, No. C 10-03457 RS, 2011 WL
19   839400, at *1 (N.D. Cal. Mar. 7, 2011) ("[I]f amendment would be futile, then dismissal without
20   leave to amend is within the court's discretion."). Because Plaintiff cannot amend its Complaint
21   to state that the Equipment, which Plaintiff also alleges it intentionally sent to Mr. Bravick as part
22   of his employment, was stolen when it came into Mr. Bravick's possession, any amendment
23   would be futile, and thus this Court should dismiss this claim without leave to amend. *See, e.g.*,
24   *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2018 WL 3428525, at *9 (N.D. Cal. July
25   13, 2018) ("For these reasons, the Court concludes that even if Plaintiffs were to amend the
26   complaint to cure the deficiencies in their fraud claim, the allegations would not establish that
27   [defendant] received stolen property. Thus, Plaintiffs' § 496(c) claim would fail again.").
28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-                    DEFENDANT'S NOTICE OF MOTION AND
                       MOTION TO DISMISS AND MPA IN SUPPORT;
                       CASE NO. 5:22-cv-03732-NC

### C. Unjust Enrichment/Constructive Trust is Not a Cause of Action Under California Law

Plaintiff's fifth cause of action is for "Unjust Enrichment/Constructive Trust." This claim should be dismissed because it is not a cause of action under California law. "Unjust enrichment is not a cause of action, however, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies … It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387(2004) (internal citations and quotation marks omitted; alteration in original). "[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010) and *Jogani v. Superior Court*, 165 Cal. App. 4th 901(2008)).

A plaintiff only states a claim for "unjust enrichment" if a court can construe it as a claim for "quasi-contract … seeking restitution." *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). While a court can construe a claim for unjust enrichment as a claim for quasi-contract, it need not do so. *See, e.g.*, *Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV1701875MWFMRWX, 2017 WL 4286577, at *7 (C.D. Cal. Sept. 20, 2017). And here, the facts alleged do not state a claim for quasi-contract.

"A quasi-contract claim typically involves a plaintiff seeking a return of a benefit that the defendant had unjustly gained through 'mistake, fraud, coercion, or request.'" *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083, 1099 (S.D. Cal. 2021) (quoting *Astiana*, 783 F.3d at 762). "The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." *Durell v. Sharp*, 183 Cal. App. 4th at 1370. (internal citation and quotation marks omitted; emphasis in original). And where there is an express contract between the parties, "[a]n unjust enrichment theory is inapplicable." *Id.*

Here, Plaintiff's claims are based on an actual contract between the parties.[8] As a result,

---

[8] Defendant does not concede any of the facts in the Complaint, but under Rule 12(b)(6), well-pleaded allegations of material fact are accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010).

1  quasi-contract is unavailable as a cause of action. "'[A]s a matter of law, a quasi-contract action
2  for unjust enrichment does not lie where, as here, express binding agreements exist and define the
3  parties' rights.'" *Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016)
4  (quoting *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151
5  (2001)); *Hall v. Marriott Int'l, Inc.*, No. 19-CV-1715 JLS (AHG), 2020 WL 4727069, at *13
6  (S.D. Cal. Aug. 14, 2020) (accord).

7        Nor has Plaintiff even alleged all the elements of quasi-contract. To state a claim, Plaintiff
8  must show that Mr. Bravick has obtained a benefit from Plaintiff. *See City of San Diego v.*
9  *Monsanto Co.*, 334 F. Supp. 3d 1072, 1085 (S.D. Cal. 2018). But aside from a barebones
10 assertion that he "misappropriated the use of the Equipment for his own financial gain,"
11 Complaint ¶ 50, Plaintiff has failed to allege what gain Mr. Bravick has taken, what benefit
12 Plaintiffs were entitled to that they have been deprived of, or why this harm is not entirely
13 subsumed in Plaintiff's claims for breach of contract and conversion. *See, e.g.*, *McBride v.*
14 *Boughton*, 123 Cal. App. 4th 379, 388 (2004) (when a defendant obtains a benefit "by fraud,
15 duress, conversion, or similar conduct the plaintiff may choose not to sue in tort, but instead to
16 seek restitution on a quasi-contract theory (an election referred to at common law as 'waiving the
17 tort and suing in assumpsit')") (internal citation omitted).

18       Plaintiffs also cannot rely on having styled their cause of action as "constructive trust"
19 along with "unjust enrichment," because like "unjust enrichment," "[u]nder California law, a
20 constructive trust is an equitable remedy, not a cause of action." *Swanson v. ALZA Corp.*, No. C
21 12-4579 PJH, 2013 WL 968275, at *13 (N.D. Cal. Mar. 12, 2013) (collecting cases); *see also*
22 *Kozlowski v. Stroomberg*, No. 2:13-CV-00291-JAM, 2013 WL 5883672, at *5 (E.D. Cal. Aug.
23 21, 2013) (dismissing a claim for "Unjust Enrichment and Constructive Trust" with prejudice
24 when the court of defendant's argument that "unjust enrichment is an equitable remedy and a
25 constructive trust is the vehicle through which the remedy proceeds, but they are not a standalone
26 cause of action…").

27       As with Plaintiff's claim under the California Penal Code, any amendment to its claim of
28 "unjust enrichment/constructive trust" would be futile, because no amendment would make either

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS AND MPA IN SUPPORT;
CASE NO. 5:22-cv-03732-NC

claim a cause of action under California law. And it would only be appropriate for Plaintiff to be permitted to pursue its claim for unjust enrichment under a theory of quasi-contract if it simultaneously abandoned its claims for breach of contract and conversion. As a result, this Court should dismiss Plaintiff's claim for unjust enrichment/constructive trust without leave to amend.

## IV.   CONCLUSION

This Court should dismiss Plaintiff's claims for unjust enrichment and civil penalties under California Penal Code section 496(c) without leave to amend.

Dated:  July 1, 2022                             Respectfully submitted,

                                                 CROWELL & MORING LLP


                                                 By: */s/ Joachim B. Steinberg*
                                                     Gabriel M. Ramsey
                                                     Joachim B. Steinberg

                                                     Attorneys for Defendant
                                                     ERIC BRAVICK

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-                              DEFENDANT'S NOTICE OF MOTION AND
                                  MOTION TO DISMISS AND MPA IN SUPPORT;
                                  CASE NO. 5:22-cv-03732-NC