| | |
|---|---|
| 1 | GABRIEL M. RAMSEY (SBN 209218) |
| | gramsey@crowell.com |
| 2 | JOACHIM B. STEINBERG (SBN 298066) |
| | jsteinberg@crowell.com |
| 3 | CROWELL & MORING LLP |
| | 3 Embarcadero Center, 26th Floor |
| 4 | San Francisco, CA 94111 |
| | Telephone: 415.986.2800 |
| 5 | Facsimile: 415.986.2827 |

Attorneys for Defendant
ERIC BRAVICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFINITY USA RESEARCH, LLC, a limited liability company, | Case No. 5:22-cv-03732-NC |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ERIC BRAVICK'S MOTION TO DISMISS** |
| v. | Date: August 10, 2022 |
| ERIC BRAVICK, an individual and DOES 1 through 100, inclusive, | Time: 1:00 p.m. |
| | Ctrm: Courtroom 5 |
| Defendant. | Judge: Hon. Nathanael Cousins |
| | Complaint filed: May 11, 2022 |

Pursuant to Federal Rule of Evidence 201, Defendant Eric Bravick ("Defendant" or "Bravick") respectfully requests that the Court take judicial notice of the following documents in connection with Defendant Eric Bravick's Motion to Dismiss:

1.   October 4, 2021 email from Christopher Tarpley to Eric Bravick. A true and correct copy of the email is attached as Exhibit 1 to the Declaration of Eric Bravick submitted in support of Defendant's motion to dismiss and this request to judicial notice.

2.   November 2, 2021 email from Bradford Newman to Eric Bravick. A true and correct copy of the email is attached hereto as Exhibit 2 to the Declaration of Eric Bravick submitted in support of Defendant's motion to dismiss and this request to judicial notice.

Plaintiff Dfinity USA Research, LLC ("Dfinity USA") incorporates both emails into its Complaint in paragraphs 12 and 13, respectively. Courts are authorized to take judicial notice of a fact that "is not subject to reasonable dispute" because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See* Fed. Evid. Rule 201(b).  A court "may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (citing Fed. Evid. Rule 201(b)). It is appropriate to take judicial notice of email communications when "the complaint alleges the contents of [those] documents and . . . plaintiff does not dispute" their authenticity.  *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816 (N.D. Cal. 2016).  Plaintiff has alleged the contents of both of these emails in the Complaint and cannot plausibly contest these communications that they have identified by date, content, sender, and recipient.

Additionally, courts can consider documents incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *US v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). These emails are incorporated by reference in paragraphs 12 and 13 of the Complaint, respectively, where Plaintiff alleges that Mr. Tarpley and Mr. Newman each contacted Mr. Bravick on behalf of Dfinity USA regarding the equipment allegedly in Mr. Bravick's possession.

For the foregoing reasons, Mr. Bravick respectfully requests that this Court take judicial notice of the documents attached to Mr. Bravick's declaration as Exhibits 1 and 2.

Dated:  July 1, 2022                    Respectfully submitted,

                                        CROWELL & MORING LLP


                                        By: */s/ Joachim B. Steinberg*
                                            Gabriel M. Ramsey
                                            Joachim B. Steinberg

                                            Attorneys for Defendant
                                            ERIC BRAVICK