Bradford K. Newman, State Bar No. 178902
 bradford.newman@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304-1044
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Christina M. Wong, State Bar No. 288171
 christina.wong@bakermckenzie.com
Brandon N. Lee, State Bar No. 335810
 brandon.lee@bakermckenzie.com
**BAKER & McKENZIE LLP**
2 Embarcadero Center, Floor 11
San Francisco, CA 94111
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Attorneys for Plaintiff
DFINITY USA RESEARCH, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFINITY USA RESEARCH, LLC., a limited liability company,<br><br>            Plaintiff,<br>    vs.<br><br>ERIC BRAVICK, an individual and DOES 1 - 100, inclusive,<br><br>            Defendants. | Case No. 5:22-cv-03732-EJD<br><br>**PLAINTIFF DFINITY USA RESEARCH, LLC'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>[L.R. 7-11]<br><br>Ctrm.:       4<br>Judge:       The Hon. Edward J. Davlia<br><br>Removal of Action Filed: June 24, 2022<br>Santa Clara County Superior Court<br>Case No. 22CV398321<br><br>Complaint Filed: May 11, 2022 |

1

PLAINTIFF DFINITY USA RESEARCH, LLC'S ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Civil Local Rule 7-11 and Rule 6(b), Plaintiff DFINITY USA Research, LLC respectfully requests that the Court grant administrative relief for it to file an opposition to Defendant's Motion to Dismiss (Dkt. 8) and an opposition to Defendants' Request for Judicial Notice (Dkt. 8-3).  This motion is based upon the positions below, the Declaration of Christina M. Wong filed herewith, and such other and further evidence and argument as may be presented at any hearing on this Motion.

## I.	INTRODUCTION

Pursuant to Civil Local Rule 7-11 and Rule 6(b), Plaintiff DFINITY USA Research, LLC hereby submits this administrative motion for relief for it to file an opposition to Defendant's Motion to Dismiss (Dkt. 8) and an opposition to Defendants' Request for Judicial Notice (Dkt. 8-3) on or before August 3, 2022.

### A.	Relevant Background

On May 11, 2022, Plaintiff filed a complaint in the California Superior Court for the County of Santa Clara against defendant Eric Bravick, alleging: (1) breach of contract, (2) conversion, (3) violation of Penal Code section 496(c), (4) violation of Civil Code section 1721, and (5) unjust enrichment.  On June 24, Mr. Bravick removed the case to federal court based on diversity jurisdiction.  (Dkt. 1.)  The case was assigned to Magistrate Judge Nathanael M. Cousins.  (Dkt. 3.)

On July 1, 2022, Mr. Bravick filed his motion to dismiss, making Plaintiff's opposition due on July 15.  (Dkt. 8.)  Four days later, on July 5, Mr. Bravick filed a declination to magistrate jurisdiction.  (Dkt. 10.)  On July 6, the Court issued a Clerk's Notice of Impending Reassignment to a District Court Judge, which stated that "all hearing dates presently scheduled before the current magistrate judge are vacated and should be re-noticed for hearing before the judge to whom this case is reassigned." (Dkt. 11.)  Upon receiving the notice,  counsel for Plaintiff removed all pending dates, including the briefing schedule on the motion to dismiss, from its internal calendar docketing system based on its belief that the briefing schedule would be

calculated based on the date Mr. Bravick re-noticed his motion.  (Declaration of Christina M. Wong ("Wong Decl.") ¶ 4.)

Approximately an hour after issuing the Clerk's Notice, the Court issued an order reassigning the case to the Honorable Edward J. Davila for all further proceedings.  (Dkt. 12.)  The order confirmed that all hearing and trial dates had been vacated, but stated that the current briefing schedules for motions would remain unchanged.  (*Id*.)  By pure inadvertence, Plaintiff's counsel overlooked this instruction and failed to reinstate the original briefing schedule deadlines relating to Mr. Bravick's motion to dismiss on its calendar.  (Wong Decl. ¶ 5.)  As a result, Plaintiff's counsel continued to mistakenly believe that the briefing deadlines had been fully vacated and would be re-set when Mr. Bravick re-noticed the motion to dismiss.  (Wong Decl. ¶ 6.)

On July 26, 2022, Mr. Bravick re-noticed his motion to dismiss for a hearing date of January 26, 2023.  (Dkt. 15.)  Based on its mistaken belief that the briefing schedule would be generated from the date of this re-notice, Plaintiff calculated its deadline to file an opposition to the motion to dismiss as August 9, 2022.  (Wong Decl. ¶ 6.)

On July 28, 2022, while preparing its opposition brief and reviewing the docket, Plaintiff's counsel discovered its mistake for the very first time.  (Wong Decl. ¶ 7. )  Upon discovering its inadvertent error, Plaintiff immediately contacted counsel for Mr. Bravick, disclosed its inadvertent mistake, and requested a stipulation to extend Plaintiff's deadline to file a response to August 4, 2022.  (Wong Decl. ¶ 8, Ex. A. )  Plaintiff also offered to mutually extend the briefing schedule to allow Mr. Bravick additional time to file his reply.  (*Id*.)  Plaintiff also expressed its belief that the parties would not be prejudiced by this delay, as the hearing on the motion is set for January 26, 2023, which is six months away.  (*Id.*)  Counsel for Mr. Bravick did not respond to this request.  (Wong Decl. ¶ 9.)  In an effort to avoid any additional delay in the filing of its brief, Plaintiff filed this motion for relief.  (*Id.*)

2

PLAINTIFF DFINITY USA RESEARCH, LLC'S ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### B.     The Court Should Grant Plaintiff's Requested Relief

Rule 6(b) provides that the Court may, "for good cause, extend time . . . on motion made after the time expired if the party failed to act because of excusable neglect." (Fed. R. Civ. P. 6(b)(1)(B).)  To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts examine four equitable factors: (1) lack of prejudice to the opposing party; (2) the short period of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *See Jones v. Davey*, 2017 U.S. Dist. LEXIS 150351, *3-4 (N.D. Cal. 2017); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) ("*Ahanchian*").

Applying the four-factor test here, all factors support Plaintiff's request for relief.  ***First***, the parties -- and, most importantly, Mr. Bravick -- will not be prejudiced if the Court allows Plaintiff to file its opposition to Plaintiff's motion to dismiss.  Plaintiff is prepared to file its opposition by Wednesday, August 3, 2022 to mitigate against any delay in Mr. Bravick's ability to review Plaintiff's arguments.  Accordingly, Mr. Bravick will have ample time to review Plaintiff's opposition, prepare his reply, and prepare for the January 2023 hearing.  Plaintiff also offered to stipulate to Mr. Bravick being afforded additional time to file his reply. (Wong Decl. ¶ 8.)

***Second***, if the Court allows Plaintiff to file the opposition immediately, the less than three-week delay in filing will be insignificant to the scheduling of this case because the hearing on Mr. Bravick's motion to dismiss is set for January 26, 2023, which is ***six months*** away.  There is no trial date set in this case, nor do the parties have any other pressing deadlines that would be affected if the Court were to granting Plaintiff leave to file its opposition (and grant Mr. Bravick additional time to file his reply).

As to the ***third*** and ***fourth*** factors, the reason for Plaintiff's delay was a purely inadvertent administrative error with calendaring deadlines.  Plaintiff acted in good faith and, ***immediately*** after learning of the mistake, contacted Mr. Bravick's counsel to seek a stipulated resolution. (Wong Decl. ¶ 8.)  When Plaintiff was not able to obtain a stipulation, it promptly prepared and

3

PLAINTIFF DFINITY USA RESEARCH, LLC'S ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

file this motion within two business days of learning of the mistake, and disclosed its error to the Court.  (*Id*. ¶ 9.)

Courts have routinely held similar or more egregious instances of delays were excusable.  In *Ahanchian*, the plaintiff filed an opposition to a summary judgment motion past the filing deadline and the district court rejected the opposition as late, reasoning that plaintiff's excuses of having a short time period to prepare the opposition, the attorney's inadvertent mistake in calendaring, and a computer error were not excusable neglect under Rule 6(b).  The Ninth Circuit reversed, finding that: (1) the defendant would not be prejudiced by a one-week delay in receiving the opposition if the defendant likewise received a one-week extension in its deadline to file a reply; (2) the length of the actual delay in the filing, which was three days, "would not have adversely affected either the summary judgment hearing date," which was ***just ten days*** away; (3) that a calendaring error could be excusable neglect (citing to other Ninth Circuit precedent of delays of a month or more due to calendaring error still being excused); and (4) that there was no indication of bad faith on the part of the late filer.  *Ahanchian*, 624 F.3d at p. 1262.

Likewise, in *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000), the Ninth Circuit determined that a month delay in filing an opposition was excusable.  There, counsel left on a trip, failed to file an opposition, failed to file a motion for an extension of time, and failed to file any opposition until over two weeks after returning from a trip due to "jet lag and the time it took to sort through the mail."  (*Id*. at 1223.)

Plaintiff's delay here was due to pure inadvertence and oversight.  Granting Plaintiff leave to file its brief now will not impact the motion hearing date, which is in January 2023, nor will it prejudice Mr. Bravick's ability to fully review Plaintiff's opposition and file a reply.

## II.   CONCLUSION

Plaintiff respectfully requests that the Court excuse its error in incorrectly calculating the deadline to file its opposition to Mr. Bravick's motion to dismiss and grant it leave to file its opposition to Mr. Bravick's motion to dismiss and opposition to Mr. Bravick's request for judicial notice on or before August 3, 2022.

4

PLAINTIFF DFINITY USA RESEARCH, LLC'S ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: August 1, 2022

BAKER & McKENZIE LLP
Bradford K. Newman
Christina M. Wong
Brandon N. Lee

By: /s/ Christina M. Wong
    Christina M. Wong
    Attorneys for Plaintiff
    DFINITY USA RESEARCH, LLC.

5

PLAINTIFF DFINITY USA RESEARCH, LLC'S ADMINISTRATIVE MOTION FOR RELIEF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS