1  Bradford K. Newman, State Bar No. 178902
   bradford.newman@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   600 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone: +1 650 856 2400
4  Facsimile:  +1 650 856 9299

5  Christina M. Wong, State Bar No. 288171
   christina.wong@bakermckenzie.com
6  Brandon N. Lee, State Bar No. 335810
   brandon.lee@bakermckenzie.com
7  **BAKER & McKENZIE LLP**
   2 Embarcadero Center, Floor 11
8  San Francisco, CA 94111
   Telephone: +1 415 576 3000
9  Facsimile:  +1 415 576 3099

10 Attorneys for Plaintiff
   DFINITY USA RESEARCH, LLC.

11

12                        UNITED STATES DISTRICT COURT

13                       NORTHERN DISTRICT OF CALIFORNIA

14

15 | DFINITY USA RESEARCH, LLC., a limited liability company, | Case No. 5:22-cv-03732-EJD |
|---|---|
| Plaintiff, | **PLAINTIFF DFINITY USA RESEARCH, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| ERIC BRAVICK, an individual and DOES 1 - 100, inclusive, | Date:     January 26, 2023<br>Time:     9:00 a.m.<br>Ctrm.:    4, 5th Floor<br>Judge:   The Hon. Edward J. Davila |
| Defendants. | Removal of Action Filed: June 24, 2022<br>Santa Clara County Superior Court<br>Case No. 22CV398321 |
| | Complaint Filed: May 11, 2022 |

PLAINTIFF DFINITY USA RESEARCH, LLC'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   RELEVANT FACTS ......................................................................................................... 2

III.  ARGUMENT ..................................................................................................................... 3

      A.    Legal Standard ....................................................................................................... 3

      B.    The Complaint States A Claim For Violation Of Penal Code Section 496. ............ 4

            1.    Mr. Bravick is estopped from arguing that California law does not apply to his conduct. ............................................................................................... 6

            2.    The presumption against extraterritoriality does not apply to Penal Code Section 496(c). ............................................................................................... 8

      C.    Plaintiff May Pursue a Claim for Unjust Enrichment Under California Law ........ 10

      D.    Plaintiff May Pursue a Constructive Trust as a Remedy ....................................... 12

IV.  CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc. Device Performance Litig.*,
    386 F.Supp.3d 1155 (N.D. Cal. 2019) ................................................................................. 2

*Astiana v. Hain Celestial Group, Inc.*,
    783 F.3d 753 (9th Cir. 2015) ............................................................................................ 10

*Bailey v. Anthem Blue Cross Life & Health Ins. Co.*,
    No. C 16-04439 JSW, 2017 U.S. Dist. LEXIS 85956 (N.D. Cal. May 23, 2017) .......... 11

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1988) .............................................................................................. 3

*Bell v. Feibush*,
    212 Cal.App.4th 1041 (2013) ............................................................................................. 5

*Burlesci v. Petersen*,
    68 Cal.App.4th 1062 (1998) ..................................................................................... 12, 13

*Calistoga Civic Club v. City of Calistoga*,
    143 Cal.App.3d 111 (1983) .............................................................................................. 12

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*,
    784 F.Supp.2d 1142 (C.D. Cal. 2011) .............................................................................. 12

*Gravquick A/S v. Trimble Navigation Int'l Ltd.*,
    323 F.3d 1219 (9th Cir. 2003) ............................................................................................ 8

*Hageseth v. Superior Court*,
    150 Cal.App.4th 1399 (2007) ............................................................................................. 9

*Hernandez v. Lopez*,
    180 Cal.App.4th 932 (2009) ............................................................................................. 11

*Lacey v. Maricopa County*,
    693 F.3d 896 (9th Cir. 2012) .............................................................................................. 3

*Lane v. Wells Fargo Bank N.A.*,
    No. C 12-04026 WHA, 2013 U.S. Dist. LEXIS 9874 (N.D. Cal. Jan. 24, 2013) ......... 6, 7

*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) .......................................................................................... 2, 3

*Lloyd v. Navy Fed. Credit Union*,
  No. 17-cv-1280-BAS-RBB, 2018 U.S. Dist. LEXIS 62404 (S.D. Cal. Apr. 12,
  2018) ..................................................................................................................................7

*Lund v. Albrecht*,
  936 F.2d 459 (9th Cir. 1991).............................................................................................12

*Microsoft Corp. v. My Choice Software, LLC*,
  No. SA CV 16-2187-DOC, 2017 U.S. Dist. LEXIS 217811 (C.D. Cal. Oct. 10,
  2017) ................................................................................................................................12

*Nedlloyd Lines B.V. v. Superior Court*,
  3 Cal.4th 459 (1992) ..........................................................................................................6

*O'Connor v. Uber Techs., Inc.*,
  No. C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813 (N.D. Cal. Dec. 5, 2013) ...............8

*OC Kickboxing & Mixed Martial Arts v. Warrior Arts All., Inc.*,
  No. SA CV 19-0004-DOC, 2019 U.S. Dist. LEXIS 140425 (C.D. Cal. May 3,
  2019) ................................................................................................................................12

*People v. Betts*,
  103 P.3d 883 (Cal. 2005) ...................................................................................................8

*People v. Boyden*,
  253 P.2d 773 (Cal. App. 1953) ..........................................................................................5

*In re Real Estate Associates Ltd. Partnership Litig.*,
  223 F.Supp.2d 1109 (C.D. Cal. 2002)..............................................................................12

*Siry Inv., L.P. v. Farkhondehpour*,
  No. S262081, 2022 Cal. LEXIS 4052 (July 21, 2022) ..................................................4, 7

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012)............................................................................................3

*Sullivan v. Oracle Corp.*,
  51 Cal.4th 1191 (2011) ....................................................................................................10

*Switzer v. Wood*,
  35 Cal.App.5th 116, 126 (2019) ........................................................................................4

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
  534 F.Supp.3d 1067 (N.D. Cal. 2021) .............................................................................10

*Usher v. City of Los Angeles*,
  828 F.2d 556 (9th Cir. 1987)..............................................................................................3

*Varga v. Wells Fargo Bank, N.A.*,
   No. CV 16-9650-DMG, 2017 U.S. Dist. LEXIS 148536 (C.D. Cal. Sept. 12,
   2017) ................................................................................................................................4

*Viasphere Int'l v. Vardanyan*,
   No. 12-cv-01536-HRL, 2015 U.S. Dist. LEXIS 13434 (N.D. Cal. Feb. 4, 2015) ....................13

*Weingand v. Harland Fin. Solutions, Inc.*,
   2012 U.S. Dist. LEXIS 123160 (N.D. Cal. Aug. 29, 2012).........................................................11

**Statutes / Other Authorities**

Cal. Bus. & Prof. Code § 2052 ..........................................................................................................9

Cal. Civ. Code § 1712.................................................................................................................3, 4

Cal. Civ. Code § 2224................................................................................................................12

Cal. Penal Code § 778...............................................................................................................9

Cal. Penal Code § 781...............................................................................................................9

Cal. Penal Code § 786(a) ...........................................................................................................9

Fed. R. Civ. P. 8 ................................................................................................................1, 3, 11

Fed. R. Civ. P. 9(b) .....................................................................................................................5

Fed. R. Civ. P. 12 .....................................................................................................................2, 3

Michigan Compiled Law § 600.2919a.........................................................................................7

Penal Code § 496 ............................................................................................................. *passim*

## I.   INTRODUCTION

The facts of this case are straight forward. Defendant Eric Bravick is a former employee of Plaintiff DFINITY Research USA LLC who, following his termination, has stolen without justification approximately $200,000 of computer hardware—and the accompanying data on this media—that he took possession of in connection with his job duties for Plaintiff during the COVID-19 pandemic. Mr. Bravick's motion to dismiss misapplies the legal standards and disregards facts expressly alleged in the complaint.

*First*, Mr. Bravick's argument that Plaintiff failed to allege facts sufficient to assert a claim for violation of Penal Code Section 496 ignores the express allegations in the complaint that Mr. Bravick stole Plaintiff's property and, despite multiple demands that he return the property, Mr. Bravick has refused. Mr. Bravick's conduct constitutes theft and is sufficient to support a civil action for violation of Section 496.

*Second*, Mr. Bravick's argument that Plaintiff's claim for unjust enrichment must be dismissed because it is not a "standalone" cause of action ignores Ninth Circuit authority recognizing that claims for unjust enrichment are construed as claims in quasi-contract. Tellingly, Mr. Bravick acknowledges that such claims are allowed and argues (in the alternative) that any quasi-contract claim should be precluded by Plaintiff's breach of contract claim. However, Rule 8 expressly authorizes Plaintiff to pursue alternative theories of liability at the pleading stage and, in any event, Mr. Bravick contests the validity of the parties' written contract in his motion.

*Finally*, Mr. Bravick's argument that Plaintiff is not entitled to pursue the relief of a constructive trust ignores clear California law, which provides that Plaintiff is entitled to seek a constructive trust for property wrongfully obtained by Mr. Bravick. Again, Plaintiff alleges that Mr. Bravick stole Plaintiff's property and, under California law, conversion is a sufficient claim to justify the imposition of a constructive trust.

Accepting the allegations in the complaint as true, as the Court must on a motion to dismiss, Plaintiff has sufficiently stated all of its claims and set forth facts supporting the necessary elements. Accordingly, Mr. Bravick's motion to dismiss must be denied. To the extent

the Court believes there are any issues with the complaint as it currently stands, Plaintiffs respectfully request leave to amend and cure any deficiencies.

## II.     RELEVANT FACTS

The facts alleged in Plaintiff's complaint, which the Court must accept as true in ruling on a motion to dismiss, are as follows[1]:

Plaintiff hired Mr. Bravick in April 2020 as a Senior Director of Data Center Services. (Dkt. 1-1, Complaint, ¶ 7.) At the time, Mr. Bravick lived in Goleta, California, but at some point during the COVID-19 pandemic, he relocated to Traverse City, Michigan, where he worked remotely from his residence. (*Id.* ¶ 8.) During Mr. Bravick's employment, Plaintiff provided him approximately $197,883 worth of company property and equipment to allow him to perform his employment-related duties. (*Id.* ¶ 9.) On July 23, 2021, Mr. Bravick's employment with Plaintiff ended. (*Id.* ¶ 10.) Pursuant to his employment contract, Mr. Bravick was required to return all of Plaintiff's "Company Property" at the end of his employment, which included, but was not limited to, "keys, files, records (and copies thereof), and equipment (including, but not limited to, computer hardware, software and printers, wireless handheld devices, cellular phones, etc.)." (*Id.* ¶ 10, Ex. A.)

On two separate occasions—on October 4 and November 2, 2021—Plaintiff contacted Mr. Bravick and instructed him to return Plaintiff's property and equipment. (*Id.* ¶¶ 11-13.) Mr. Bravick did not comply. (*Id.* ¶ 12-13.) On March 30, 2022, Plaintiff reported Mr. Bravick's refusal to return the property to the Palo Alto Police Department and, that same day, an officer contacted Mr. Bravick and directed him to return the equipment. (*Id.* ¶ 14.) Again, Mr. Bravick refused to comply. (*Id.*) On May 10, 2022, a sergeant at the Palo Alto Police Department

---

[1] Mr. Bravick improperly injects irrelevant facts outside of the complaint relating to the termination of Mr. Bravick's employment, the nature of Plaintiff's business, and Plaintiff's parent company into his motion to dismiss. (*See* Dkt. 8, Mot. to Dismiss, 1-2.) The Court should not consider any assertions of facts not found within the four corners of the operative complaint on a Rule 12 motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) ("when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint.") And, for the reasons set forth in Plaintiff's concurrently filed opposition to Mr. Bravick's request for judicial notice, the Court should also deny Mr. Bravick's request to inject new emails into the record. *In re Apple Inc. Device Performance Litig.*, 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019) (an email was not subject to judicial notice "because the meaning of the email is subject to reasonable dispute.")

attempted to follow up with Mr. Bravick regarding the return of Plaintiff's property and Mr. Bravick did not answer or return the sergeant's call. (*Id.* ¶ 15.)

On May 11, 2022, Plaintiff filed a lawsuit in the Santa Clara Superior Court against Mr. Bravick for breach of contract, conversion, violation of Penal Code Section 496(c), violation of California Civil Code Section 1712, and unjust enrichment. (Dkt. 1-1.) On June 24, 2022, Mr. Bravick removed the lawsuit from the Santa Clara Superior Court to the U.S. District Court for the Northern District of California. (Dkt. 1.)

### III. ARGUMENT

#### A. Legal Standard

Under federal pleading standards, a complaint must contain "a short and plain statement of the claim showing" that a plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A plaintiff need only allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'" *Lee v. City of L.A.,* 250 F.3d at 688 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). The Court must accept "all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Moreover, the Court must "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). In other words, dismissal is proper only where there is either "a lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Accepting the facts alleged in the complaint here as true and construing

the complaint in the light most favorable to Plaintiff, Plaintiff has adequately alleged facts to support each of the challenged causes of action against Mr. Bravick.[2]

### B. The Complaint States A Claim For Violation Of Penal Code Section 496.

Mr. Bravick incorrectly argues that Plaintiff has failed to state a claim for violation of Penal Code Section 496 on the basis that the complaint does not sufficiently allege Mr. Bravick's knowledge that the property he stole was obtained by theft and that California law should not apply to him because the conduct at issue occurred in Michigan.[3] This misunderstands the plain language of the statute and the application of the law.

California law authorizes individuals injured by violations of Penal Code Section 496(a) to bring a civil action for theft even absent a criminal conviction. *See Switzer v. Wood,* 35 Cal.App.5th 116, 126 (2019). Section 496(a) provides that:

> Every person who . . . receives any property that **has been stolen** or that **has been obtained in any manner constituting theft** or extortion, knowing the property to be so stolen or obtained, or who **conceals, sells, withholds** . . . any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail[.]  (Emphasis added.)

To state a violation of Section 496(a), a plaintiff must plead: (1) the property was "obtained by theft," (2) the defendant either "bought or received" the property *or* "concealed or withheld such property from the owner[,]" and (3) the defendant "[knew] at the time he committed one of the acts specified above that the property had been obtained by theft." *Varga v. Wells Fargo Bank, N.A.*, No. CV 16-9650-DMG (KSx), 2017 U.S. Dist. LEXIS 148536, at *21 (C.D. Cal. Sept. 12, 2017). Plaintiffs have satisfied each of these requirements.

The complaint alleges that Mr. Bravick obtained Plaintiff's property for use in the scope of his employment with Plaintiff, that Plaintiff acknowledged in writing that he must return Plaintiff's property at the end of his employment, that Plaintiff twice asked for the property back

---

[2] Mr. Bravick does not challenge the three other causes of action for breach of contract, conversion, and violation of California Civil Code Section 1712.

[3] Mr. Bravick originally argued Plaintiff's Section 496 claim should be denied because the property was not "stolen" at the time Mr. Bravick first received it, but has since withdrawn that argument because of the California Supreme Court's holding in *Siry Inv., L.P. v. Farkhondehpour*, No. S262081, 2022 Cal. LEXIS 4052 (July 21, 2022). (*See* Dkt. 14.) Plaintiff therefore does not address those arguments here.

4

after Mr. Bravick's employment was terminated, that the Palo Alto Police Department also directed Mr. Bravick to return the property to Plaintiff, and that Mr. Bravick nonetheless refused to return and wrongfully retained Plaintiff's property. (Compl. ¶¶ 9-16.) Accepting these allegations as true, as the Court must do on a motion to dismiss, Plaintiff has sufficiently alleged that Mr. Bravick obtained Plaintiff's property by theft. *See Bell v. Feibush*, 212 Cal.App.4th 1041, 1049 (2013) (defendant committed theft "by withholding that property when [the plaintiff] asked for it back").

Contrary to Mr. Bravick's claims, the complaint specifically alleges that he had knowledge that the property was stolen because he "knew that the Equipment belonged to [Plaintiff] and that he no longer had [Plaintiff]'s consent to use or retain the property." (Compl. ¶ 34.) *See People v. Boyden*, 253 P.2d 773, 779 (Cal. App. 1953) (holding defendant's knowledge that goods he received were stolen goods may be inferred from surrounding conditions and circumstances). Indeed, he expressly agreed in his employment contract that he would return all of Plaintiff's property at the end of his employment and refused to comply with that obligation despite Plaintiff's multiple requests.[4] Moreover, on four separate occasions, Mr. Bravick was directed to return the property to Plaintiff by Plaintiff's representatives and the Palo Alto Police Department. Viewing these allegations in the light most favorable to Plaintiff, there can be no question that the complaint sufficiently alleges that Mr. Bravick stole Plaintiff's property and had knowledge that the property was stolen. *See* Fed. R. Civ. P. 9(b) (Even under heightened pleading standards, "knowledge[] and other conditions of a [defendant's] mind may be alleged generally.")

---

[4] The agreement contains the following language:

> **Company Property**. At the end of your employment period, you agree to return all company property including, but not limited to, keys, files, records (and copies thereof), and equipment (including, but not limited to, computer hardware, software and printers, wireless handheld devices, cellular phones, etc.) which is in your possession or control. You further agree to leave intact all electronic Company documents, including those that you developed or help develop during your employment. (Compl., Ex. A ¶ 7.)

### 1. Mr. Bravick is estopped from arguing that California law does not apply to his conduct.

Rather than make efforts to return the stolen goods at any time over the last several months, Mr. Bravick next argues that California Penal Code Section 496 should not apply to his theft of Plaintiff's property, which he obtained solely in the scope of his employment, because he moved to Michigan during the COVID-19 pandemic, impliedly arguing that Michigan law should apply to his conduct.  Mr. Bravick's position ignores entirely that he entered into an employment contract and expressly agreed that California law would govern the entirety of the parties' relationship and any claims between the parties.  (Compl., Ex. A.)  Mr. Bravick's employment agreement contains an exceedingly broad choice-of-law clause, which provides:

> The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or ***arising out of, related to, or in any way connected with***, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") ***will be governed by California law***, excluding laws relating to conflicts or choice of law. (Emphasis added.)

The parties' mutually and unambiguously agreed that California law applies and, "a valid choice-of-law clause, which provides that a specified body of law 'governs' the 'agreement' between the parties, encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized[.]" *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 470 (1992); *see also Lane v. Wells Fargo Bank N.A.*, No. C 12-04026 WHA, 2013 U.S. Dist. LEXIS 9874, at *11-12 (N.D. Cal. Jan. 24, 2013) (holding that plaintiff's cause of action for conversion could be brought under California law due to the parties' contractual choice of law provision where the conversion claim arose from the parties' agreement and the legal relationship created thereby). Central to Plaintiff's claim under Penal Code Section 496(c) is whether Mr. Bravick was authorized to retain the equipment he received from Plaintiff (he was not) after he was terminated, a question that is related to and directly arises from the parties' agreement and relationship.

In determining the enforceability of a choice-of-law provision, federal courts apply the law of the forum. *Lane v. Wells Fargo Bank N.A.*, at *9.  In California, the court examines: "(1)

whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Sup. Court*, at 466.  If either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California.  *Id*.  If there is no such conflict, the court shall enforce the parties' choice of law.  *Id*.  Under this analysis, the parties' choice of California law should be enforced.

*First*, there is a substantial relationship between the parties and this dispute to California. Plaintiff's principal place of business and headquarters is located in Palo Alto, California.  *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2018 U.S. Dist. LEXIS 62404, at *13 (S.D. Cal. Apr. 12, 2018) (holding a substantial relationship exists if a party has its principal place of business and corporate headquarters in the chosen state).  Additionally, Mr. Bravick was hired by Plaintiff when he was a resident of California, where he received at least some of the property he stole.  Accordingly, both the parties and the transaction at issue are substantially related to California.

*Second*, no fundamental public policy of Michigan would be harmed by the application of California law because Michigan law offers an almost identical remedy in Michigan.  Michigan Compiled Law Services ("MCLS") Section 600.2919a provides, in relevant part:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Because Mr. Bravick would be equally liable under the laws of both jurisdictions, there is no harm to public policy in enforcing the parties' agreement to apply the civil remedies the California legislature enacted through Section 496 to the parties' relationship and allow Plaintiff to pursue relief under the statute.  *See Siry Inv., L.P. v. Farkhondehpour*, at *57 n.10  (noting that MCLS Section 600.2919a is "substantially similar" to Penal Code Section 496); *see, e.g., Lane v.*

*Wells Fargo Bank N.A.*, at *10-12 (applying law contractually chosen by parties to plaintiff's conversion claim where the law of California and the chosen state was "nearly identical" and the parties had a substantial relationship to the chosen state).

Mr. Bravick entered into a valid, enforceable agreement to submit to California law and is estopped from arguing that Plaintiff's claim under California Penal Code Section 496(c) should be dismissed in favor of Michigan law (or any other law). Accordingly, his motion to dismiss this claim must be denied.

### 2. The presumption against extraterritoriality does not apply to Penal Code Section 496(c).

Mr. Bravick continues on with wasteful litigation tactics predicated on faulty legal and factual positions by next arguing that Plaintiff's Section 496(c) claim should be barred because there is a presumption against the extraterritorial application of state statutes. This argument fails for two reasons. ***First***, the presumption against extraterritorial application of a state statute is rebutted where, as is the case here, there is a choice-of-law clause governing the parties' relationship. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003) ("If a state law does not have limitations on its geographical scope, courts will apply it to a contract governed by that state's law, even if parts of the contract are performed outside of the state."); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813, at *7-14 (N.D. Cal. Dec. 5, 2013) (denying motion to dismiss and holding that application of California law to non-California putative class members who were parties to the Uber Licensing Agreement was proper where there was "no showing that the statutory and common law causes of action alleged contain[ed] territorial limitations that would trump the parties' choice of California law.")

***Second***, California courts are authorized to exercise jurisdiction over and apply the California Penal Code to criminal acts that take place wholly outside of the state "if the results of the crime are intended to, and do, cause harm within the state." *People v. Betts*, 103 P.3d 883, 887 (Cal. 2005) ("Although the constitutional limits of state courts' extraterritorial jurisdiction in criminal matters have not been precisely delineated, it is clear that states may extend their

1  jurisdiction beyond the narrow limits imposed by the common law.")  The California Penal Code
2  contains multiple long-arm statutes that allow California courts to exercise jurisdiction
3  extraterritorially.  *See e.g.*, Cal. Penal Code § 778 (extending jurisdiction "[w]hen the commission
4  of a public offense, commenced without the State, is consummated within its boundaries by a
5  defendant, himself outside the State, through the intervention of an innocent or guilty agent *or*
6  *any other means proceeding directly from said defendant*" (emphasis added)); Cal. Penal Code §
7  781 (extending jurisdiction "when a public offense is committed in part in one jurisdictional
8  territory and in part in another jurisdictional territory, or the acts or effects thereof constituting or
9  requisite to the consummation of the offense occur in two or more jurisdictional territories"); Cal.
10 Penal Code § 786(a) (extending jurisdiction "when property is received in one jurisdictional
11 territory with the knowledge that it has been stolen or embezzled and the property was stolen or
12 embezzled in another jurisdictional territory").

13    Indeed, in *Hageseth v. Superior Court*, 150 Cal.App.4th 1399 (2007), the court relied on
14 Penal Code Section 778 to impose liability on an out-of-state defendant for violation of California
15 Business & Professional Code Section 2052, holding that "it is not necessary to the 'detrimental
16 effect' theory of extraterritorial jurisdiction that the defendant be physically present in this state
17 during some portion of the time during which his alleged criminal act took place . . . or that he act
18 through an agent physically present in this state . . . or that there exist a statute or judicially
19 declared exception extending the state's territorial jurisdiction for the particular crime with which
20 the defendant is charged." *Id*. at 1414.

21    Accordingly, Mr. Bravick's unequivocal position that the California Penal Code does not
22 apply to conduct that occurred out-of-state (*i.e.*, in Michigan) is fundamentally flawed.  Mr.
23 Bravick was hired in California by Plaintiff, who is registered to do business in California and
24 whose headquarters and principal place of business is here.  Mr. Bravick worked and lived in
25 California during part of his employment with Plaintiff and received at least some of the
26 equipment he stole from Plaintiff while he resided in California. (Compl. ¶¶ 2-3, 7-9.)  Despite
27 his transition to remote work and relocation to Michigan during the COVID-19 pandemic—a
28 modern work structure that has only recently become normalized as a result of the pandemic—

Mr. Bravick used Plaintiff's equipment to perform his employment-related duties in furtherance of Plaintiff's California operations. (*Id.* at ¶ 9.)  While Mr. Bravick may now reside in Michigan, where he continues to wrongfully retain possession of Plaintiff's equipment, the harm caused by his actions is felt by Plaintiff in California.

Tellingly, in arguing that Section 496 does not apply extraterritorially, Mr. Bravick relies on inapposite case law that does not involve the application of the California Penal Code.  For instance, in *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191 (2011), the court considered the extraterritorial application of California's Uniform Competition Law ("UCL").  However, there was no long-arm statute expressly granting California courts the authority to apply the UCL outside of the state, and neither the language nor legislative history of the UCL indicated a legislative intent to do so.  That is not the case here.  As discussed above, there are multiple long-arm statutes that authorize the application of California's Penal Code outside of California and, more importantly, Mr. Bravick expressly agreed to a choice-of-law provision submitting himself to the laws of California.

Because Mr. Bravick unambiguously agreed to submit to California law and because the California Penal Code applies extraterritorially, Mr. Bravick's motion to dismiss Plaintiff's Section 496(c) claim must be denied.

    **C.**    **Plaintiff May Pursue a Claim for Unjust Enrichment Under California Law**

Mr. Bravick's argument that California does not recognize unjust enrichment as a standalone cause of action has been foreclosed by *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015), where the Ninth Circuit explained that, under California law, an unjust enrichment claim is construed "as a quasi-contract claim." *Id*. at 762 (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 231 (2014)).  The "Supreme Court of California and California Courts of Appeal have recognized actions for relief under the equitable doctrine of unjust enrichment." *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F.Supp.3d 1067, 1120 (N.D. Cal. 2021) (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1006 (9th Cir. 2013)).  "The doctrine applies where the plaintiffs, while having no enforceable contract, nonetheless have conferred a benefit on the defendant which the defendant has knowingly

1  accepted under circumstances that make it inequitable for the defendant to retain the benefit
2  without paying for its value." *Hernandez v. Lopez*, 180 Cal.App.4th 932, 938 (2009).

3        Mr. Bravick acknowledges in his motion that a claim for unjust enrichment is recognized
4  in California as a claim for quasi-contract, but argues Plaintiff should be precluded from pursuing
5  such a claim because the complaint also alleges a claim for breach of contract. This argument
6  fails for two reasons. ***First***, Plaintiff's unjust enrichment claim is not precluded by its breach of
7  contract claim because, by Mr. Bravick's own admission, he contests whether the parties' written
8  agreements are valid or if he had any contractual obligation to return any of the nearly $200,000
9  in property that he has wrongfully withheld. (Dkt. 8, p. 2, n. 2 ("Mr. Bravick does not concede
10 the applicability, validity, or enforceability of any of these agreements.").) To the extent Mr.
11 Bravick later argues that his retention of any of Plaintiff's property—*i.e.*, any of the "computers,
12 servers, hard disk drives and other electronic storage, and various computer and server hardware
13 and accessories" (Compl. ¶ 9.)—falls outside of any contractual obligation to return Plaintiff's
14 property, Plaintiff is entitled to pursue relief through a claim of quasi-contract. Accordingly, the
15 claims are not duplicative and Plaintiff's unjust enrichment claim is not precluded.

16       ***Second***, even if Plaintiff's unjust enrichment claim was duplicative of its contract claim,
17 (which it is not for the reasons discussed), under Rule 8, Plaintiff is entitled to allege alternative
18 claims for relief at the pleading stage and may "state as many separate claims . . . it has,
19 regardless of consistency." Fed. R. Civ. P. 8(a)(3) & (d)(3). Plaintiff's breach of contract claim
20 and its unjust enrichment claim assert alternative theories of liability. To the extent Plaintiff
21 contends any of the property he stole is not subject to return under the parties' agreement that he
22 return all "Company Property," the property would still be subject to Plaintiff's unjust enrichment
23 claim. Moreover, Plaintiff's contract claim and unjust enrichment claim entitle Plaintiff to
24 different remedies. *Bailey v. Anthem Blue Cross Life & Health Ins. Co.*, No. C 16-04439 JSW,
25 2017 U.S. Dist. LEXIS 85956, at *9 (N.D. Cal. May 23, 2017) ("the allegations amount to
26 alternative theories of recovery. . . . Plaintiff may plead alternative theories of recovery at this
27 procedural junction" (internal citations omitted)); *Weingand v. Harland Fin. Solutions, Inc.*, 2012
28 U.S. Dist. LEXIS 123160, at *12 (N.D. Cal. Aug. 29, 2012) ("[E]ven though a plaintiff may not

ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative.")  Plaintiff is well within its right to pursue all legal remedies available to it for Mr. Bravick's misconduct.

### D. Plaintiff May Pursue a Constructive Trust as a Remedy

Mr. Bravick's argument that Plaintiff may not seek a claim for constructive trust is also incorrect. *Lund v. Albrecht*, 936 F.2d 459, 464 (9th Cir. 1991) ("[U]nder California law, the remedy of constructive trust is also available against a defendant to prevent unjust enrichment.")  The courts in this district have recognized that, as a matter of practice, a constructive trust may be pled as a separate claim. *Microsoft Corp. v. My Choice Software, LLC*, No. SA CV 16-2187-DOC (KESx), 2017 U.S. Dist. LEXIS 217811, at *22 (C.D. Cal. Oct. 10, 2017) ("as a matter of practice constructive trust commonly is pleaded as a separate claim," quoting *Microsoft Corp. v. Suncrest Enter.*, No. C03-5424 JF (HRL), 2006 U.S. Dist. LEXIS 32824, at *8 (N.D. Cal. May 16, 2006)); *OC Kickboxing & Mixed Martial Arts v. Warrior Arts All., Inc.*, No. SA CV 19-0004-DOC (DFMx), 2019 U.S. Dist. LEXIS 140425, at *11 (C.D. Cal. May 3, 2019) (same); *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 784 F.Supp.2d 1142, 1163 (C.D. Cal. 2011), on reconsideration in part, 854 F. Supp. 2d 756 (C.D. Cal. 2011), aff'd, 744 F.3d 1124 (9th Cir. 2014).  California Civil Code Section 2224 authorizes the imposition of constructive trusts as "an involuntary equitable trust created as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner." *In re Real Estate Associates Ltd. Partnership Litig.*, 223 F.Supp.2d 1109, 1139 (C.D. Cal. 2002) (quoting *Communist Party v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990 (1995).  The statute provides that a person who gains property through any wrongful conduct is an involuntary trustee for the benefit of the owner:

> One who gains a thing **by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act**, is, unless he or she has some other and better right thereto, **an involuntary trustee of the thing gained**, for the benefit of the person who would otherwise have had it.  (Cal. Civ. Code § 2224 (emphasis added).)

Plaintiff need only demonstrate that: (1) there is property, (2) Plaintiff has a right to that property, and (3) Mr. Bravick acquired the property by some wrongful act. *See Calistoga Civic Club v. City of Calistoga*, 143 Cal.App.3d 111, 116 (1983); *see also Burlesci v. Petersen*, 68

Cal.App.4th 1062, 1069 (1998).  "[T]he wrongful act giving rise to a constructive trust need not amount to fraud or intentional misrepresentation.  All that must be shown is that the acquisition of the property was wrongful and that the keeping of the property by the defendant would constitute unjust enrichment." *Id*. (internal cites and quotes omitted); *Viasphere Int'l v. Vardanyan*, No. 12-cv-01536-HRL, 2015 U.S. Dist. LEXIS 13434, at *6 (N.D. Cal. Feb. 4, 2015) ("constructive trust may be a remedy for conversion").

Here, the complaint identifies the property as equipment provided to Mr. Bravick in the course of his employment, including "computers, servers, hard disk drives and other electronic storage, and various computer and server hardware accessories." (Compl. ¶ 9.)  The complaint also alleges that Plaintiff provided that property for the purpose of allowing Mr. Bravick to perform his employment-related duties.  (*Id*.)  Once Mr. Bravick's employment with Plaintiff ended, he had no right to retain the property or benefit from its use.  (*Id*. ¶ 50.)  Accordingly, the complaint adequately identifies the property at issue, Plaintiff's right to the property, and Mr. Bravick's wrongdoing, entitling Plaintiff to relief in the form of a constructive trust.

## IV.    CONCLUSION

Mr. Bravick has not met his burden of identifying any basis for dismissing the two causes of action challenged by way of this motion to dismiss.  The complaint sets forth facts showing that Mr. Bravick stole and wrongfully retained Plaintiff's property, which is sufficient to support a civil action for violation of Penal Code Section 496(c).  Furthermore, the complaint sufficiently alleges that, to the extent Mr. Bravick's obligation to return Plaintiff's property was not governed by the parties' written agreements, Mr. Bravick was unjustly enriched by his wrongful retention of the property after his termination.  Finally, Mr. Bravick's wrongful taking and withholding of Plaintiff's property is sufficient to support the imposition of a constructive trust.  For all of these reasons, the Court should deny this motion and the case should proceed to discovery.  However, in the event that the Court finds any merit to the motion, Plaintiff respectfully requests leave to amend the complaint to cure any potential deficiency.

Dated: August 5, 2022

BAKER & McKENZIE LLP
Bradford K. Newman
Christina M. Wong
Brandon N. Lee

By: /s/ Bradford K. Newman
    Bradford K. Newman
    Attorneys for Plaintiff
    DFINITY USA RESEARCH, LLC.