Bradford K. Newman, State Bar No. 178902
bradford.newman@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304-1044
Telephone:  +1 650 856 2400
Facsimile:  +1 650 856 9299

Christina M. Wong, State Bar No. 288171
christina.wong@bakermckenzie.com
Brandon N. Lee, State Bar No. 335810
brandon.lee@bakermckenzie.com
**BAKER & McKENZIE LLP**
2 Embarcadero Center, Floor 11
San Francisco, CA 94111
Telephone:  +1 415 576 3000
Facsimile:  +1 415 576 3099

Attorneys for Plaintiff
DFINITY USA RESEARCH, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFINITY USA RESEARCH, LLC, a limited liability company,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>ERIC BRAVICK, an individual and DOES 1 - 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:22-cv-03732-EJD<br><br>**PLAINTIFF DFINITY USA RESEARCH, LLC'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:　　　January 26, 2023<br>Time:　　　9:00 a.m.<br>Ctrm.:　　　4, 5th Floor<br>Judge:　　　The Hon. Edward J. Davila<br><br>Removal of Action Filed: June 24, 2022<br>Santa Clara County Superior Court<br>Case No. 22CV398321<br><br>Complaint Filed: May 11, 2022 |

Plaintiff DFINITY USA RESEARCH, LLC respectfully requests that the Court deny defendant Eric Bravick's request to take judicial notice of Exhibits 1 and 2.  The documents are identified by Mr. Bravick as follows:

- Exhibit 1: October 4, 2021 email from Christopher Tarpley to Eric Bravick; and
- Exhibit 2: November 2, 2021 email from Bradford Newman to Eric Bravick.

Neither of the documents is subject to judicial notice and Mr. Bravick's request for judicial notice is an improper attempt to inject documents into the record that are outside of the complaint on a motion to dismiss.

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). Documents not physically attached to the complaint may only be considered if they are:  (1) subject to judicial notice or (2) if the documents' "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies on them." *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)) (a district court abused its discretion by taking judicial notice of disputed matters of fact).

Under the Rules of Evidence, courts may only judicially notice facts that are not subject to reasonable dispute because they (1) are generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Documents subject to interpretation, like the emails and communications Mr. Bravick seek to inject into the record through its request, are not judicially noticeable.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (a court abused its discretion by judicially noticing an investor call transcript; "[i]t is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes'"). Indeed, courts have expressly held that such communications are not subject to judicial notice even if there is not a dispute over their authenticity.  *In re Apple Inc. Device Performance Litig.*,

2

PLAINTIFF DFINITY USA RESEARCH, LLC'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019) (an email was not a proper subject of judicial notice "because the meaning of the email is subject to reasonable dispute"); *Lincoln Ben. Life Co. v. Fundament*, No. SA CV 18-0260-DOC (JDEx), 2018 U.S. Dist. LEXIS 139486, at *12 (C.D. Cal. Aug. 7, 2018) ("Emails and letters between counsel and the parties are not documents or information that are 'generally known' or that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'").  Mr. Bravick's request for judicial notice of email correspondence, therefore, must be denied.

Mr. Bravick's argument that the documents he submits are subject to judicial notice because they are alluded to in the complaint is also incorrect as a matter of law and improperly conflates judicial notice with principles of incorporation-by-reference.  "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  Plaintiff in this case did not incorporate any of the documents submitted by Mr. Bravick by reference in the complaint and did not extensively rely on any such documents.  In any event, a motion for judicial notice is not a proper mechanism by which to make these disputed documents part of the complaint.

Mr. Bravick's attempt to add evidence that is outside of Plaintiff's complaint into the record for purposes of a motion to dismiss is patently improper.  Because the disputed communications and emails the he seek to inject into the record are not subject to judicial notice as a matter of law, Plaintiff respectfully request that this Court deny Mr. Bravick's Request for Judicial Notice in its entirety.

Dated:  August 5, 2022

BAKER & McKENZIE LLP
Bradford K. Newman
Christina M. Wong
Brandon N. Lee


By: /s/ Bradford K. Newman
Bradford K. Newman
Attorneys for Plaintiff
DFINITY USA RESEARCH, LLC.

3