1   GABRIEL M. RAMSEY (SBN 209218)
        gramsey@crowell.com
2   JOACHIM B. STEINBERG (SBN 298066)
        jsteinberg@crowell.com
3   CROWELL & MORING LLP
    3 Embarcadero Center, 26th Floor
4   San Francisco, CA 94111
    Telephone: 415.986.2800
5   Facsimile:  415.986.2827

6   Attorneys for Defendant
    ERIC BRAVICK
7

8

9                       UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12   DFINITY USA RESEARCH, LLC, a limited        Case No. 5:22-cv-03732-EJD
     liability company,
13                                               **REPLY TO PLAINTIFF'S**
                     Plaintiff,                  **OPPOSITION TO DEFENDANT ERIC**
14                                               **BRAVICK'S MOTION TO DISMISS**
            v.
15                                               Date:        January 26, 2023
     ERIC BRAVICK, an individual and DOES 1      Time:        09:00 a.m.
16   through 100, inclusive,                     Ctrm.:       4, 5th Floor
                                                 Judge:       The Hon. Edward J. Davila
17                   Defendant.
                                                 Complaint filed:  May 11, 2022
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT ................................................................................................................. 1

    A.      Plaintiff has not stated a claim under California Penal Code section 496(c).......... 2

        1.      California Has a Strong Presumption Against Extraterritoriality .............. 2

        2.      A Choice of Law Provision Does Not Overcome the Presumption Against Extraterritoriality. ........................................................................... 5

        3.      Plaintiff has not adequately alleged any facts establishing possession or control over the property or the knowledge element of California Penal Code 496(c) ...................................................................... 7

    B.      Unjust Enrichment and Constructive Trusts are Remedies, not Causes of Action in California ................................................................................................. 9

        1.      Unjust Enrichment is not a Standalone Cause of Action ........................... 9

        2.      Constructive Trust is an Equitable Remedy, not a Cause of Action........ 11

III.    CONCLUSION ............................................................................................................ 12

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*In re Apple Processor Litig.*,
2022 WL 2064975 (N.D. Cal. June 8, 2022) (Davila, J.) .................................................. 10, 12

6
*Astiana v. Hain Celestial Grp., Inc.*,
7
783 F.3d 753 (9th Cir. 2015).............................................................................................. 9

8
*Bailey v. Anthem Blue Cross Life & Health Ins. Co.*,
2017 WL 2335363 (N.D. Cal. May 23, 2017) ..................................................................... 11

9

*Campbell v. Superior Ct.*,
10
132 Cal. App. 4th 904 (2005) ............................................................................................. 12

11
*Cotter v. Lyft, Inc.*,
60 F. Supp. 3d 1059 (N.D. Cal. 2014) ................................................................................. 6
12

*Ctr. for Investigative Reporting v. United States Dep't of Just.*,
13
14 F.4th 916 (9th Cir. 2021) ............................................................................................... 4

14
*Daniels-Hall v. Nat'l Educ. Ass'n*,
15
629 F.3d 992 (9th Cir. 2010)............................................................................................... 2

16
*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012).............................................................................................. 8
17

*Dickey v. Advanced Micro Devices, Inc.*,
18
2016 WL 6427852 (N.D. Cal. Oct. 31, 2016 ....................................................................... 8

19
*Ehret v. Uber Techs., Inc.*,
20
68 F. Supp. 3d 1121 (N.D. Cal. 2014) ................................................................................. 2

21
*Elzeftawy v. Pernix Grp., Inc.*,
477 F. Supp. 3d 734 (N.D. Ill. 2020) ................................................................................... 5
22

*Field v. Mans*,
23
516 U.S. 59 (1995).............................................................................................................. 4

24
*Flannery v. Prentice*,
25
26 Cal. 4th 572 (2001) ......................................................................................................... 5

26
*Gallardo By & Through Vassallo v. Marstiller*,
__ U.S. __, 142 S. Ct. 1751 (2022)..................................................................................... 4

27

*Gravquick A/S v. Trimble Navigation Int'l Ltd.*,
28
323 F.3d 1219 (9th Cir. 2003).......................................................................................... 5, 6

*Hageseth v. Superior Ct.*,
150 Cal. App. 4th 1399 (2007) .......................................................................... 3, 5

*Hall v. Marriott Int'l, Inc.*,
2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) ...................................................... 10

*Haskel Eng'g & Supply Co. v. Hartford Acc. & Indem. Co.*,
78 Cal. App. 3d 371, 144 Cal. Rptr. 189 (Ct. App. 1978) .................................... 12

*Hedging Concepts, Inc. v. First All. Mortg. Co.*,
41 Cal. App. 4th 1410 (1996) ...................................................................... 5, 7, 10

*Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*,
2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ..................................................... 10

*Kozlowski v. Stroomberg*,
2013 WL 5883672 (E.D. Cal. Aug. 21, 2013) ...................................................... 11

*League To Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*,
105 Cal. App. 3d 394, 164 Cal. Rptr. 357 (Ct. App. 1980) ..................................... 5

*Mattel, Inc. v. MGA Ent., Inc.*,
616 F.3d 904 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010) ...... 11

*Microsoft Corp. v. Suncrest Enter.*,
2006 WL 1329881 (N.D. Cal. May 16, 2006) ...................................................... 11

*In re Mortg. Fund '08 LLC*,
527 B.R. 351 (N.D. Cal. 2015) ............................................................................. 8

*Mosier v. Stonefield Josephson, Inc.*,
815 F.3d 1161 (9th Cir. 2016) ............................................................................ 10

*Nowak v. Xapo, Inc.*,
2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) ................................................... 7, 8

*O'Connor v. Uber Technologies, Inc.*,
58 F. Supp. 3d 989 (N.D. Cal., 2014) .................................................................. 1, 6

*O'Connor v. Uber Techs., Inc.*,
2013 WL 6354534, (N.D. Cal. Dec. 5, 2013), *(see* Opp.,) .................................... 1, 6

*People v. Betts*,
34 Cal. 4th 1039 (2005) ........................................................................................ 3

*People v. Boyden*,
116 Cal. App. 2d 278 (1953) ................................................................................. 9

*People v. Simon*,
25 Cal. 4th 1082 (2001) ........................................................................................ 3

*Perkins v. Linkedin Corp.*,
   53 F. Supp. 3d 1222 (N.D. Cal. 2014) ...................................................................... 8

*Ratha v. Phatthana Seafood Co.*,
   2017 WL 8292922 (C.D. Cal. Dec. 21, 2017), aff'd, 26 F.4th 1029 (9th Cir.
   2022), *aff'd sub nom. Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159 (9th Cir.
   2022) ............................................................................................................................ 4

*Russello v. United States*,
   464 U.S. 16 (1983) ........................................................................................................ 4

*Ryan v. Microsoft Corp.*,
   147 F. Supp. 3d 868 (N.D. Cal. 2015) ......................................................................... 8

*Soc. Life Network, Inc. v. LGH Invs., LLC*,
   2022 WL 2718615 (S.D. Cal. July 13, 2022) ............................................................ 10

*Solida v. McKelvey*,
   820 F.3d 1090 (9th Cir. 2016) ...................................................................................... 2

*Souter v. Edgewell Pers. Care Co.*,
   542 F. Supp. 3d 1083 (S.D. Cal. 2021) ...................................................................... 10

*Stevenson v. Lewis*,
   384 F.3d 1069 (9th Cir. 2004) ...................................................................................... 3

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) ............................................................................................ 2, 5

*Swanson v. ALZA Corp*,
   2013 WL 968275 (N.D. Cal. Mar. 12, 2013) ............................................................. 11

*Trader Joe's Co. v. Hallatt*,
   835 F.3d 960 (9th Cir. 2016) ........................................................................................ 5

*Turnier v. Bed Bath & Beyond Inc.*,
   517 F. Supp. 3d 1132 (S.D. Cal. 2021) ...................................................................... 10

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...................................................................................................... 4

*Ward v. CareFusion Sols., LLC*,
   2018 WL 1320225 (Del. Super. Ct. Mar. 13, 2018) .................................................... 6

*Weingand v. Harland Fin. Sols., Inc.*,
   2012 WL 3763640 (N.D. Cal. Aug. 29, 2012)........................................................... 11

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012)....................................................................................... 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

REPLY TO OPPOSITION TO MOTION TO DISMISS;
CASE NO. 5:22-cv-03732-EJD

*Wright v. Adventures Rolling Cross Country, Inc.*,
    2012 WL 12942824 (N.D. Cal. May 3, 2012) ............................................................ 6

*Yoshikawa v. Seguirant*,
    41 F.4th 1109 (9th Cir. 2022) .................................................................................. 2

**Statutes**

Cal. Penal Code § 27 ....................................................................................................... 4

Cal. Penal Code § 691(b) ................................................................................................ 3

California Penal Code section 496 .......................................................................... *passim*

California Penal Code section 496(c) ................................................................ 1, 2, 7, 12

California Penal Code section 778 ................................................................................... 3

Lanham Act ...................................................................................................................... 5

**Other Authorities**

Rule 12(b)(6) .................................................................................................................... 8

1

## I.     INTRODUCTION

2

Plaintiff Dfinity USA Research, LLC ("Dfinity USA" or "Plaintiff") alleges that Eric

3  Bravick ("Bravick" or "Defendant") failed to return unspecified computer equipment

4  ("Equipment") to Plaintiff after it fired Mr. Bravick. (*See* Dkt. 1, Ex. 1 ("Complaint,") ¶ 9.)

5  Among other causes of action, Plaintiff asserts claims under California Penal Code section 496(c)

6  and for "Unjust Enrichment/Constructive Trust." Plaintiff's Complaint fails to state a claim for

7  either and Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp.") does not provide a

8  basis on which either of those two claims could proceed. Instead, the Opposition introduces new

9  allegations not found in the Complaint, including that data[1] on the hardware at issue was also

10  stolen (Opp. at 1,) and introduces legal theories based on bad or inapplicable case law.[2]

11

Plaintiff cannot state a claim for relief under California Penal Code section 496(c) because

12  the acts it alleges took place in Michigan. Without a clear expression of intent from the California

13  legislature—Plaintiff points to none—California's Penal Code does not apply extraterritorially.

14  And even if it did, Plaintiff has not pleaded the required level of knowledge by Mr. Bravick to

15  maintain this claim. And Plaintiff cannot state a claim for "Unjust Enrichment/Constructive

16  Trust" because those are not stand-alone causes of action under California law. This Court should

17  dismiss these causes of action with prejudice.

18

## II.    ARGUMENT

19

Although a court must "accept as true all well-pleaded allegations of material fact … [it

20  need not] accept as true allegations that contradict exhibits attached to the Complaint or matters

21  properly subject to judicial notice, or allegations that are merely conclusory, unwarranted

22

---

23  [1] Notably, Plaintiff attempts to conjure a "data" based theory without even attempting to meet the requirements of any law that would protect data, such as trade secret, copyright or another legal framework. Nor is there any identification of data. Data is not "property" in the

24  absence of establishing a recognized legally protected interest and Plaintiff does not even try. The implication of some unidentified "data" in this manner is troubling and suggests that this case is

25  not about computer equipment (which Mr. Bravick does not possess or control), but rather a pretext for Plaintiff to go on a fishing expedition into Mr. Bravick's current commercial efforts in

26  the same space and into his personal affairs, without any basis whatsoever.

27  [2] In one particularly egregious example, Plaintiff cites a decision, *O'Connor v. Uber Techs., Inc.*, 2013 WL 6354534, at *5 (N.D. Cal. Dec. 5, 2013), (*see* Opp. at 8,) that was

28  expressly, definitively, and unambiguously overturned by a later decision in the same case. *O'Connor v. Uber Technologies, Inc.*, 58 F. Supp. 3d 989 (N.D. Cal., 2014).

deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citations omitted). A court may dismiss a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *Yoshikawa v. Seguirant*, 41 F.4th 1109 (9th Cir. 2022) (internal quotation marks and citation omitted); *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016).

Plaintiff has failed to state a claim under either California Penal Code section 496(c) or for "Unjust Enrichment/Constructive Trust." The latter is not a cause of action in California; instead it is a remedy. And the former is inapplicable when, as here, the entire alleged "theft" took place in Michigan. Thus, this Court should dismiss both claims with prejudice.

**A.    Plaintiff has not stated a claim under California Penal Code section 496(c)**

California Penal Code section 496(c) imposes civil liability on defendants who violate section 496(a) or (b). No provisions of section 496 suggest that the California Legislature intended it to apply outside the state of California. Nor can Plaintiff cite any instance of a court imposing liability under section 496 for acts that took place outside the state of California. This Court should find that Plaintiff cannot overcome California's strong presumption against the extraterritorial application of its laws. But even if Plaintiff could overcome that presumption, this Court should still dismiss Plaintiff's claim, because Plaintiff has not alleged a key element.

**1.    California Has a Strong Presumption Against Extraterritoriality**

"California's Supreme Court has made clear that there is a strong presumption against the extra-territorial application of California law." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1129–30 (N.D. Cal. 2014). "However far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state ... unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (internal citations and quotation marks omitted; alteration in original). A violation of California Penal Code 496(c) could not have occurred before Mr. Bravick was fired, which happened while he was living in Michigan. (Complaint ¶¶ 8 and 10.) While he was employed by Dfinity USA he was in legal possession of the property at issue. There are no acts

within the state of California giving rise to liability, and thus, this section does not apply.

Defendant is unaware of *any* cases applying California Penal Code section 496 extraterritorially, and Plaintiff cites none. Instead, Plaintiff relies on a handful of other criminal law cases in which California applied its criminal statutes extraterritorially. But none of those cases has any applicability here. In *People v. Betts*, 34 Cal. 4th 1039, 1044 (2005), the criminal acts took place in California. The issue was whether proof of that needed to be submitted to a jury. *Id.* at 1047-48. The issue in *Hageseth v. Superior Ct.*, 150 Cal. App. 4th 1399, 1408 (2007) was whether a phony doctor, working online but with patients in California, was liable for the unlicensed practice of medicine. *Id.* at 1403. In that case, as in *Betts*, the court relied on the provisions of the California Penal Code that apply extraterritorially *because they explicitly state that they are meant to apply extraterritorially.* Both cases rely on California Penal Code section 778, which applies to a criminal act "commenced without the state," it must be "*consummated within its boundaries*." Cal. Penal Code § 778 (emphasis added).

Plaintiff has provided no evidence that the Legislature intended to apply California Penal Code section 496 extraterritorially, nor could it provide that evidence. While Plaintiff cites a litany of Penal Code provisions, (*see* Opp. at 8-9,) none of those provisions applies here. First, both section 781 and section 786 address venue in California when a crime is committed in more than one county, not when crimes are committed in other states. *See, e.g.*, *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) (section 781); *People v. Simon*, 25 Cal. 4th 1082, 1094 (2001) (section 786). Both sections refer to "jurisdictional territory." Plaintiff argues that this means other states. But "'[j]urisdictional territory,' in this context, signifies a county." *Betts*, 34 Cal. 4th at 1057 n.12 (citing Cal. Penal Code § 691(b)).[3] Plaintiff must be aware of this, as it relies on the *Betts* decision for its argument.

Not only that, but Plaintiff's reliance on California Penal Code section 778's

---

[3] California Penal Code section 691(b) reads in full "The words 'jurisdictional territory' when used with reference to a court, mean the city and county, county, city, township, or other limited territory over which the criminal jurisdiction of the court extends, as provided by law, and in case of a superior court mean the county in which the court sits."

1    extraterritorial provision is an argument *against* the extraterritorial application of section 496, not

2    for it. Its existence shows that the California Legislature knows how to expressly make statutes

3    apply extraterritorially,[4] and the fact that it did not state that section 496 applies extraterritorially

4    shows that it did not intend it to.  *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here

5    Congress includes particular language in one section of a statute but omits it in another section of

6    the same Act, it is generally presumed that Congress acts intentionally and purposely in the

7    disparate inclusion or exclusion.") (internal quotation marks and citation omitted; alteration in

8    original); *Gallardo By & Through Vassallo v. Marstiller*, __ U.S. __, 142 S. Ct. 1751, 1759

9    (2022); *Ctr. for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 930 (9th Cir.

10   2021); *Field v. Mans*, 516 U.S. 59, 75 (1995) (the "negative pregnant" rule of construction is

11   strongest when applied "to contrasting statutory sections originally enacted simultaneously in

12   relevant respects…").

13           Plaintiff then claims that because the harm of Mr. Bravick's purported "theft" was felt in

14   California, he is subject to the laws of California. (Opp. at 10.) This argument has been rejected in

15   the context of personal jurisdiction, *see, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 290 (2014), and

16   should be rejected in the context of extraterritorial application of a state's laws, which logically

17   must meet an even higher standard; if it did not, courts could never reach the question of

18   extraterritoriality. *Ratha v. Phatthana Seafood Co.*, 2017 WL 8292922, at *4 (C.D. Cal. Dec. 21,

19   2017), aff'd, 26 F.4th 1029 (9th Cir. 2022), *aff'd sub nom. Ratha v. Phatthana Seafood Co.*, 35

20   F.4th 1159 (9th Cir. 2022) ("Plaintiffs cannot establish extraterritorial jurisdiction . . . by simply

21   relying on their minimum contacts analysis"). Plaintiff's argument further confuses the test for

22   personal jurisdiction, which analyzes minimum contacts, with the test for extraterritorial

23   application. Extraterritorial application is a question of subject-matter jurisdiction or the merits of

24

25           [4] *See also, e.g.*, Cal. Penal Code § 27. Under section 27(a)(2), a person is subject to
     California's jurisdiction if they "commit any offense without this state which, if committed within
26   this state, would be larceny, carjacking, robbery, or embezzlement under the laws of this state,
     and bring the property stolen or embezzled, or any part of it, or are found with it, or any part of it,
27   within this state." Plaintiffs are not claiming that Mr. Bravick brought the allegedly stolen
     property within California, a requirement under the statute.

28

1    a claim, not personal jurisdiction. *See, e.g.*, *Hageseth*, 150 Cal. App. 4th at 1412.[5]

2         Plaintiff's reading of the statute would also lead to absurd results. California courts "avoid

3    any construction that would produce absurd consequences." *Flannery v. Prentice*, 26 Cal. 4th 572,

4    578 (2001). Were California Penal Code section 496 to apply extraterritorially, then any instance

5    of shoplifting at an Apple store in any other state would confer jurisdiction on California courts.

6    That cannot be what the Legislature intended when it enacted California Penal Code section 496.

7    *Cf. League To Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 105 Cal. App. 3d 394, 398, 164

8    Cal. Rptr. 357, 360 (Ct. App. 1980) ("[I]ndirect consequences … do not supply the nexus

9    between the litigation and the forum necessary to confer jurisdiction in a civil action. To construe

10   [the statute] so broadly would render its deliberately drown limitations on extra-territorial

11   jurisdiction virtually nugatory.").

12   

**2.      A Choice of Law Provision Does Not Overcome the Presumption
Against Extraterritoriality.**

13

14        Plaintiff also argues that because the employment agreement between Mr. Bravick and

15   Dfinity USA includes a choice-of-law clause for California law, the California Penal Code should

16   govern. (Opp. at 6-8.) This argument is incorrect.

17        *First*, a choice-of-law clause does not automatically overcome the presumption against

18   extraterritoriality, because the presumption is based on due process and jurisdiction. *Sullivan*, 51

19   Cal. 4th at 1207 n.9; *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 779 n. 21 (N.D. Ill.

20   2020) ("even the most expansive definition of California extraterritoriality is still limited by

21   federal due process.").

22        *Second*, the only accurately cited case Plaintiff dredges up does not hold otherwise: there,

23   the court held that "[h]onoring that choice of law does not give extraterritorial application to the

24   statute, even if the contract was performed partially outside of California, so long as the contract

25   itself *was properly governed* by California law." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*,

26   _____

27   [5] In certain contexts, such as the Lanham Act, extraterritoriality is a merits question, *see, e.g.*, *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 966 (9th Cir. 2016), but in those contexts the issue

28   is whether conduct falls under the statute, not whether the law applies in a particular location. *See id.*

323 F.3d 1219, 1222 (9th Cir. 2003) (emphasis added). Plaintiff also cites *O'Connor*, 2013 WL

6354534, at *5, but the portion of that case that Plaintiff relies on was expressly repudiated by

this Court. *O'Connor*, 58 F. Supp. 3d 989. In re-evaluating its decision, the Court found that it

had misread *Gravquick* in its earlier decision:

> It is thus apparent that the court in *Gravquick* did not hold that a California choice of law provision can overcome the presumption against extraterritorial application of California law. Instead, the court recognized that parties' agreement to apply California law must yield in those circumstances where the law in question contains "geographical limitations." While *Gravquick* makes clear one such circumstance is where the legislation contains an explicit limitation, there is no logical reason to reach a different result where that limitation is implicit, especially when the California Supreme Court has made clear that such limitations are presumed to be present…

*O'Connor*, 58 F. Supp. 3d at 1004. And "later cases analyzing *Gravquick* clarified that when a

choice-of-law clause imports California law, it necessarily brings California's presumption

against extraterritorial application along with it." *Ward v. CareFusion Sols., LLC*, 2018 WL

1320225, at *2 (Del. Super. Ct. Mar. 13, 2018); *see also Wright v. Adventures Rolling Cross

Country, Inc*., 2012 WL 12942824, at *4 (N.D. Cal. May 3, 2012).

*Third*, this Court has also specifically disclaimed the applicability of *Gravquick* to

employer/employee relationships:

> When companies from different states enter into a distribution agreement where goods are transported between states, they may, to avoid future confusion, specify which state's law applies to the transaction, since both laws could potentially apply. *See Gravquick*, 323 F.3d at 1225. And in this case, it made sense for the parties to identify which state's law applies to interpretation of the contract itself, because the parties who entered into that contract are from different states (Lyft being from California and the driver being from elsewhere), meaning that the contract law of either state could apply. But with respect to the employer-employee relationship relating to work performed exclusively in one state, only the law of that state can apply, which means a choice of law provision has no application in this context.

*Cotter v. Lyft, Inc*., 60 F. Supp. 3d 1059, 1066 (N.D. Cal. 2014). Here, Mr. Bravick could not

have "stolen" the Equipment while in California. Plaintiff must have known that, as it both

alleges that it shipped the Equipment to him in Michigan (Complaint ¶¶ 8-9,)⁶ fired him when he lived in Michigan (*id.* ¶¶ 8 and 10,) and demanded the return of the Equipment while he lived in Michigan. (*Id.*¶ 11).

*Finally*, Plaintiff argues that it is acceptable to impose liability on Mr. Bravick because claims that "no fundamental public policy of Michigan would be harmed by the application of California law." (Opp. at 7.) But the issue here is not conflicts of laws; it is whether Mr. Bravick is subject to a California law that does not have any extraterritorial effect. Thus, whether Michigan's public policy is offended is not at stake. None of the cases Plaintiff cites address the question of extraterritorial application as it appears in this case.

**3.    Plaintiff has not adequately alleged any facts establishing possession or control over the property or the knowledge element of California Penal Code 496(c)**

Even if California Penal Code section 496 had an extraterritorial application, and even if it applied here, Plaintiff has still failed to state a claim for relief. A claim under California Penal Code section 496(c) must allege that "(1) that the property has been stolen; (2) that the accused received, concealed or withheld it from its owner; and (3) that the accused knew the property was stolen." *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *2 (N.D. Cal. Nov. 20, 2020) (quoting *People v. Stuart*, 272 Cal. App. 2d 653, 656 (1969)).

*First*, Plaintiff does not allege any facts whatsoever that would establish that Plaintiff has possession or control over the Equipment, nor can it because Mr. Bravick simply does not possess or control the Equipment. For example, Plaintiff carefully avoids addressing any facts relating to whether the Equipment is actually in control of Plaintiff or other third-parties associated with Plaintiff, and has been deployed for Plaintiff's business at all times (and *not* in possession of Mr. Bravick). Instead, Plaintiff alludes only very generally to computer equipment that was used by the company during the time of Mr. Bravick's employment, but does not allege a single fact that would show that he had the equipment in his possession or control at the time his employment

---

⁶ Plaintiff now claims that Mr. Bravick "received at least some of the property he stole" while living in California. (Opp. at 7.) Plaintiff does not cite to its Complaint, because the Complaint contains no allegation that Mr. Bravick received property while he was living in California. (Complaint ¶¶ 8-9.)

was terminated, now or at any time. It is sheer conjecture. There are only broad, unsupported assertions and no facts to undergird the allegations. *See, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146–47 (9th Cir. 2012) (dismissing a complaint for making "merely conclusory" allegations); *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 883 (N.D. Cal. 2015) (reiterating earlier decision that a complaint "bereft of *any* dates or details" was "merely conclusory." (emphasis in original)); *Finley v. TransUnion*, WL 935138, at *4 (N.D. Cal. Feb. 26, 2019) (allegations without separate factual support are "merely conclusory."); *In re Mortg. Fund '08 LLC*, 527 B.R. 351, 365 (N.D. Cal. 2015). *Second*, Plaintiffs have not alleged that Mr. Bravick *knew* the property he is alleged (without support) to have possessed was stolen, nor have they alleged that he *withheld* the property knowing it was stolen. Mr. Bravick could not have knowledge that he was in possession of allegedly stolen property based on two email communications from Plaintiff making no mention of theft. And although Plaintiff once again brings up police reports, including one alleged conversation and one unsuccessful attempt to contact Mr. Bravick, these reports would only have alerted Mr. Bravick of a claim of theft, not that he had knowledge of any theft. *See Nowak*, 2020 WL 6822888, at *3 (filing a complaint is insufficient to show actual knowledge of a theft).

Plaintiff accuses Mr. Bravick of "improperly inject[ing] new emails into the record." (Opp. at 2, n.1.) But those emails are incorporated by reference. *See, e.g.*, *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012);[7] *see also Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1240 (N.D. Cal. 2014) ("The purpose of this rule is to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based.'") (quoting Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)). Nor does Plaintiff raise any question about the authenticity of the documents. *See Davis* at 1161; *Dickey v. Advanced Micro Devices, Inc.*, 2016 WL 6427852, at *3 (N.D. Cal. Oct. 31, 2016) ("A court,

---

[7] Without those emails, Plaintiff has no claim that Mr. Bravick had any knowledge of what property Dfinity USA wanted returned. (*See* Complaint ¶¶ 12-13.) The only other allegation that Mr. Bravick would have known that Plaintiff wanted him to return anything, does not even state that directly, even upon information and belief. (*See* Complaint ¶ 14.) Thus, without these emails, Plaintiff's cause of action should be dismissed.

1   however, 'may take into account documents whose contents are alleged in a complaint and whose

2   authenticity no party questions, but which are not physically attached to the [plaintiff's]

3   pleading.'") (quoting *Davis* at 1160; alteration in original).

4          Plaintiff relies on one case to argue that the knowledge element of the claim can be

5   inferred from circumstances, rather than being explicitly in its pleadings: *People v. Boyden*, 116

6   Cal. App. 2d 278, 288 (1953).  But in *Boyden*, a nearly seventy-year-old criminal case, the court

7   inferred knowledge that goods were stolen because the defendant received the goods from

8   someone he knew from a stint in the county jail. "It could reasonably be inferred that such former

9   inmate of the county jail was a person of unsavory or questionable character and known by

10  appellant to be such." *Id.* In contrast, Mr. Bravick is alleged to have received the purportedly

11  stolen goods here from Plaintiff itself. Now, Plaintiff claims that two email communications to

12  Mr. Bravick, neither of which is alleged to include a claim of theft, are enough to put him on

13  notice that he was in possession of allegedly stolen property and provides no authority besides

14  *Boyden* to support this proposition. That is not enough.

15         **B.     Unjust Enrichment and Constructive Trusts are Remedies, not Causes of
16                  Action in California**

17         Plaintiff styles one claim as "Unjust Enrichment/Constructive Trust." Neither of those is a

18  cause of action in California. Not only are they remedies, but each is foreclosed based on

19  Plaintiff's allegations. This Court should dismiss that cause of action for failure to state a claim.

20              **1.     Unjust Enrichment is not a Standalone Cause of Action**

21         California does not recognize unjust enrichment as a standalone action. *Astiana v. Hain*

22  *Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Plaintiff claims that this argument is

23  "foreclosed" by *Astiana*, because "under California law, an unjust enrichment claim *is* construed

24  'as a quasi-contract claim.'" (Opp. at 10 (emphasis added) (quoting *Astiana*, 783 F.3d at 762).)

25  That is a misrepresentation of the holding in *Astiana.* There, the court held that a court "*may*

26  construe the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at

27  762 (emphasis added; internal quotation marks omitted). And it did so because the plaintiff—

28  unlike Dfinity USA in this case—had actually alleged quasi-contract. While a court may construe

1  a claim for unjust enrichment as one for quasi-contract, that decision is within the court's

2  discretion. *See, e.g.*, *Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *7

3  (C.D. Cal. Sept. 20, 2017).

4         This Court should not construe Plaintiff's claims for unjust enrichment as one for quasi-

5  contract, because Plaintiff has not alleged the elements of a quasi-contract claim in their

6  complaint. *See, e.g.*, *In re Apple Processor Litig.*, 2022 WL 2064975, at *12 (N.D. Cal. June 8,

7  2022) (refusing to construe a claim for unjust enrichment as a claim for quasi-contract when the

8  plaintiff had failed to sufficiently plead fraud) (Davila, J.).  "A quasi-contract claim typically

9  involves a plaintiff seeking a return of a benefit that the defendant had unjustly gained through

10  'mistake, fraud, coercion, or request.'" *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083,

11  1099 (S.D. Cal. 2021) (quoting *Astiana*, 783 F.3d at 762). Plaintiffs have not alleged how Mr.

12  Bravick might have benefited or won a "financial gain" by allegedly refusing to return the

13  hardware at issue. The only allegation related to this, (Complaint ¶ 50,) is an unadorned assertion.

14         Plaintiff's entire claim is based on a contract. That is specifically the situation in which a

15  claim for quasi-contract does not exist. *Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172

16  (9th Cir. 2016) (quoting *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App.

17  4th 151 (2001)); *Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132, 1141 (S.D. Cal. 2021)

18  (dismissing claim for unjust enrichment where "there was an express contract related to the

19  conduct at issue."); *Soc. Life Network, Inc. v. LGH Invs., LLC*, 2022 WL 2718615, at 4 (S.D. Cal.

20  July 13, 2022) (dismissing quasi-contract claim where allegation "[made] clear the dispute

21  relate[d] to an express contract" that was not alleged to be void); *Hall v. Marriott Int'l, Inc.*, 2020

22  WL 4727069, at *13 (S.D. Cal. Aug. 14, 2020) (same). "When parties have an actual contract

23  covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute

24  the court's own concepts of fairness regarding that subject in place of the parties' own contract."

25  *Hedging Concepts, Inc. v. First All. Mortg. Co*., 41 Cal. App. 4th 1410, 1420 (1996).

26         Next, Plaintiff claims that they may plead "alternative claims for relief." (Opp. at 11.)

27  That may be true, but Plaintiff is still limited to alleging actual causes of action. Plaintiff cites

28  cases that allow a party to plead multiple causes of action that would ultimately have duplicative

1  recovery. *See Bailey v. Anthem Blue Cross Life & Health Ins. Co.*, 2017 WL 2335363, at *3

2  (N.D. Cal. May 23, 2017); *Weingand v. Harland Fin. Sols., Inc.*, 2012 WL 3763640, at *4 (N.D.

3  Cal. Aug. 29, 2012).[8] Neither of those cases holds that a plaintiff can maintain a cause of action

4  that does not exist. At most, *Weingand* would allow a plaintiff alleging unjust enrichment to

5  proceed on a claim for quasi-contract, but only if they had actually pleaded the elements of quasi-

6  contract. *Weingand*, 2012 WL 3763640, at *4. But even in the alternative, Plaintiff has neither

7  alleged the elements of a claim for quasi-contract and nor made even more than a cursory effort to

8  claim that it has. (*See* Opp. at 11.)

9  **2.      Constructive Trust is an Equitable Remedy, not a Cause of Action**

10  Unable to substantiate its claim that this Court must treat its unjust enrichment claim as a

11  quasi-contract, Plaintiff then cites a handful of cases for the proposition that "as a matter of

12  practice, a constructive trust may be pled as a separate claim." But Plaintiff cannot avoid the clear

13  law holding that a constructive trust is a remedy, not a cause of action. *Mattel, Inc. v. MGA Ent.,*

14  *Inc.*, 616 F.3d 904, 908-909 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010).

15  Plaintiff's own Opposition characterizes constructive trust as a remedy. (Opp. at 12.)  And federal

16  courts have dismissed purported constructive trust claims as improper. *See Swanson v. ALZA*

17  *Corp*, 2013 WL 968275, at *13 (N.D. Cal. Mar. 12, 2013) (collecting cases); *see also Kozlowski*

18  *v. Stroomberg*, 2013 WL 5883672, at *5 (E.D. Cal. Aug. 21, 2013).

19  Even some of the cases cited by Plaintiff recognize that "constructive trust" is a remedy,

20  not a cause of action. *See, e.g.*, *Microsoft Corp. v. Suncrest Enter*., 2006 WL 1329881, at *8

21  (N.D. Cal. May 16, 2006) ("Although Defendants technically are correct that constructive trust is

22  a remedy, rather than a freestanding claim, as a matter of practice constructive trust commonly is

23  pleaded as a separate claim and the Court will not grant summary judgment on this basis.").

24  Plaintiff's strongest argument would be that because a constructive trust is commonly

25  pleaded as an independent cause of action, it should be permitted to do so here. That might be

26  _____

27  [8] *Weingand* confirms that unjust enrichment is not an independent cause of action in California: "With respect to the unjust enrichment claim, Plaintiff makes the new argument that there is no such independent cause of action in California. Plaintiff is correct." *Weingand*, 2012

28  WL 3763640, at *4.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

1  true if Plaintiff had pleaded sufficient facts in support of a cause of action that entitled them to the

2  remedy of a constructive trust. *See Campbell v. Superior Ct.*, 132 Cal. App. 4th 904, 921 (2005).

3  They have not done so. "Because the concept is one of remedy designed solely to prevent unjust

4  enrichment, the incidents of a constructive trust differ from those of an express or resulting trust."

5  *Haskel Eng'g & Supply Co. v. Hartford Acc. & Indem. Co.*, 78 Cal. App. 3d 371, 375, 144 Cal.

6  Rptr. 189, 192 (Ct. App. 1978). In other words, Plaintiff must allege some benefit that accrued to

7  Mr. Bravick. It has alleged none.

8      Finally, Plaintiff must also allege some reason why the remedies available at law are

9  inadequate. *See, e.g.*, *In re Apple Processor Litig.*, 2022 WL 2064975, at *11 ("However,

10  Plaintiffs do not argue anywhere in their Opposition how this relief would 'go beyond the

11  damages available to them' or that it would be more 'certain, prompt, or efficient than the legal

12  remedies they request.'") (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal.

13  2020)).

**III.    CONCLUSION**

15      Plaintiff's claims for civil penalties under California Penal Code Section 496(c) and unjust

16  enrichment/constructive trust should be dismissed for failure to state a claim.

18  Dated:  August 12, 2022                    Respectfully submitted,

19                                            CROWELL & MORING LLP

21                                       By:  */s/ Joachim B. Steinberg*
22                                            Gabriel M. Ramsey
                                              Joachim B. Steinberg

23                                            Attorneys for Defendant
24                                            ERIC BRAVICK