1   GABRIEL M. RAMSEY (SBN 209218)
      gramsey@crowell.com
2   JOACHIM B. STEINBERG (SBN 298066)
      jsteinberg@crowell.com
3   CROWELL & MORING LLP
    3 Embarcadero Center, 26th Floor
4   San Francisco, CA 94111
    Telephone: 415.986.2800
5   Facsimile:  415.986.2827

6   Attorneys for Defendant
    ERIC BRAVICK

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   DFINITY USA RESEARCH, LLC, a limited        Case No. 5:22-cv-03732-EJD
     liability company,
13                                               **REPLY TO PLAINTIFF'S**
                    Plaintiff,                   **OPPOSITION TO DEFENDANT ERIC**
14                                               **BRAVICK'S REQUEST FOR**
            v.                                   **JUDICIAL NOTICE IN SUPPORT OF**
15                                               **MOTION TO DISMISS**
     ERIC BRAVICK, an individual and DOES 1
16   through 100, inclusive,                     Date:        January 26, 2023
                                                 Time:        09:00 a.m.
17                  Defendant.                   Ctrm.:       4, 5th Floor
                                                 Judge:       The Hon. Edward J. Davila
18
                                                 Complaint filed:  May 11, 2022
19

20

21

22

23

24

25

26

27

28

1    The emails referenced in Plaintiff's complaint are properly subject to judicial notice and

2    incorporation by reference. Judicial notice is appropriate when a document has been incorporated

3    by reference into a complaint but not attached, so long as neither the authenticity nor relevance of

4    the document is contested. *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

5    2010); *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1240 (N.D. Cal. 2014). A court may also

6    take judicial notice of any fact that "can be accurately and readily determined from sources whose

7    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

8    Plaintiff's argument that any document that takes the form of an email is not judicially

9    noticeable because it is subject to interpretation is incorrect. Courts regularly take judicial notice

10   of email communications. *See, e.g.*, *Perkins*, 53 F. Supp. 3d at 1241 (N.D. Cal. 2014) (taking

11   judicial notice of three emails whose authenticity was not disputed); *Fernandes v. TW Telecom*

12   *Holdings, Inc.*, 2016 WL 704723, at *3 (E.D. Cal. Feb. 23, 2016) (taking judicial notice of an

13   email). Judicial notice is proper when "plaintiff does not dispute the emails' authenticity." *Theta*

14   *Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 822 (N.D. Cal. 2016).

15   Plaintiffs have not contested the authenticity of the communications, or that they were the

16   communications referenced in Plaintiff's complaint. (*See* Dkt. 19, Pls. Opp. to Bravick's Request

17   for Judicial Notice ("Opp. RJN"); Complaint ¶¶ 12-13.) Because Plaintiff challenges neither the

18   authenticity nor relevance of these emails, and because there is no question for either, they are

19   appropriate for judicial notice.

20   Next, these documents were incorporated by reference. A document is incorporated by

21   reference into a complaint "if the plaintiff refers extensively to the document or the document

22   forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154,

23   1162 (9th Cir. 2019) (quoting *US v. Ritchie*, 342 F.3d 903, 908 (9th. Circ. 2003)). They are

24   referred to in the Complaint at ¶¶ 13-14. The reason they are incorporated by reference is not just

25   that they are mentioned, but because the Complaint relies on them. *See, e.g.*, *Eidmann v.*

26   *Walgreen Co.*, 522 F. Supp. 3d 634, 641-42 (N.D. Cal. 2021), appeal dismissed, No. 21-15659,

27   2021 WL 4785889 (9th Cir. May 17, 2021) (Davila, J.); *Malley v. San Jose Midtown Dev. LLC*,

28   2020 WL 5877575, at *3 (N.D. Cal. Oct. 2, 2020) (Davila, J.). Without these emails, Plaintiff

1    would have provided no basis for any of their claims. That they allegedly informed Mr. Bravick

2    of which equipment they wanted him to return is a necessary component of their claims for

3    breach of contract (Complaint ¶ 21)", conversion (Complaint ¶ 27), civil penalties under

4    California Penal Code section 496(c) (Complaint ¶ 34), and restoration of property pursuant to

5    Civil Code section 1712 (Complaint ¶ 40). *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1053-

6    54 (N.D. Cal. 2021) (incorporating by reference communications from defendant to plaintiff

7    related to plaintiff's "underlying claims."). They are also required for several of the proposed

8    remedies.

9         Finally, Plaintiff claims that Mr. Bravick "conflates judicial notice with principles of

10   incorporation-by-reference." (Opp. RJN at 3.) What Plaintiff ignores is that having failed to

11   provide the Court with documents incorporated by reference, Mr. Bravick was forced to submit

12   these emails through a request for judicial notice. *See Perkins*, 53 F. Supp. 3d at 1240 (N.D. Cal.

13   2014) ("The purpose of this rule is to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by

14   deliberately omitting documents upon which their claims are based.'") (quoting *Swartz v. KPMG*

15   *LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). Plaintiff also argues that it did not rely on the emails in

16   its Complaint.

17        Aside from being mentioned in the Complaint, Plaintiff relies on the emails in its

18   opposition, arguing that these emails point to circumstances that should have put Mr. Bravick on

19   notice that the property he allegedly possessed was stolen. (Pls. Opp. to Bravick's Motion to

20   Dismiss, at 5.) Plaintiff's own arguments show that the emails seek to establish one of the

21   elements of its claim under California Penal Code 496(c). *Id.*

22        For these reasons, Mr. Bravick's request for judicial notice of these documents should be

23   granted.

24

25

26

27

28

1   Dated:  August 12, 2022                    Respectfully submitted,

2                                              CROWELL & MORING LLP

3

4                                              By: /s/ Joachim B. Steinberg
                                                   Gabriel M. Ramsey
5                                                  Joachim B. Steinberg

6                                                  Attorneys for Defendant
                                                   ERIC BRAVICK
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-