UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DFINITY USA RESEARCH LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>ERIC BRAVICK,<br><br>  Defendant. | Case No.  22-cv-03732-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Re: ECF No. 8 |

Before the Court is Defendant Eric Bravick's Motion to Dismiss Plaintiff Dfinity USA Research LLC's Complaint ("Motion"). *See* ECF No. 8 ("Mot.").[1] The Court finds the Motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). *See* ECF No. 22. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss, with leave to amend.

**I.    BACKGROUND**

   **A.    Factual History**

The following facts derive from the allegations in the Complaint.[2] Plaintiff Dfinity USA

---

[1] Mr. Bravick provided the Court with a redlined version of the Motion striking certain arguments following a change in controlling authority with the issuance of *Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098 (2020). ECF No. 14. The Court will continue to cite to the Motion, but will not address those arguments stricken by Mr. Bravick.

[2] Mr. Bravick disputes certain allegations and provides additional facts in his Motion. *See* Mot. at 1–2 & n.3. However, at the pleading stage, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to Plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Court therefore does not include or consider the additional or disputed facts. It will separately evaluate the Request for Judicial Notice.

Research LLC ("Dfinity"), a Delaware company with a principal place of business in Palo Alto, employed Defendant Eric Bravick from May 4, 2020, through July 23, 2021. ECF No. 1-1 ("Compl." or "Ex. A"[3]) ¶¶ 2, 8, 10.  According to the Complaint, Mr. Bravick formerly resided in San Francisco, California; at some point in 2020 resided in Goleta, California; and then later in 2020 relocated to Traverse City, Michigan, where he now resides.  Compl. ¶¶ 3, 8.[4]

Mr. Bravick was hired as Dfinity's Senior Director of Data Center Services, and in August 2020 was promoted to interim Vice President of Engineering. *Id.* ¶ 8.  Dfinity provided Mr. Bravick with company equipment, including "computers, servers, hard disk drives and other electronic storage, and various computer and server hardware and accessories," to allow him to perform his job duties. *Id.* ¶ 9.  The value of the equipment provided to Mr. Bravick between October 2020 and July 2021 was approximately $197,883. *Id.*

Dfinity terminated Mr. Bravick's employment on July 23, 2021. *Id.* ¶ 10.  The parties' employment contract included a provision regarding the return of Dfinity's property at the end of Mr. Bravick's employment period:

> **Company Property.**  At the end of your employment period, you agree to return all company property including, but not limited to, keys, files, records (and copies thereof), and equipment (including, but not limited to, computer hardware, software and printers, wireless handheld devices, cellular phones, etc.) which is in your possession or control.  You further agree to leave intact all electronic Company documents, including those that you developed or help develop during your employment.

Ex. A at 2.  The contract also provides that any disputes arising out of Mr. Bravick's employment with Dfinity would be governed by California law. *Id.*  Mr. Bravick did not return any of the equipment provided to him.  Compl. ¶ 16.

Upon terminating Mr. Bravick's employment, Dfinity informed Mr. Bravick that he was

---

[3] ECF No. 1-1 includes both Dfinity's Complaint and an executed employment contract between the parties attached as Exhibit A to the Complaint.  This Order will cite to the Complaint using paragraph numbers and to Exhibit A ("Ex. A") using the contract's internal pagination.
[4] The Complaint alleges that Mr. Bravick resided in Goleta, California at the time he began his employment in May 2020, but the Court also notes that Exhibit A, which is dated April 17, 2020, is addressed to Mr. Bravick at a Traverse City, Michigan address.  Compl. ¶ 8; Ex. A at 1.

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS

1 required to return all Dfinity property, including company data and the equipment. *Id.* ¶ 11. It
2 then attempted on multiple occasions to secure the return of the equipment. *Id.* ¶¶ 12–16. First,
3 on October 4, 2021, a Dfinity employee contacted Mr. Bravick, apparently in writing, and
4 requested his availability for the retrieval of hardware from Mr. Bravick's residence. *Id.* ¶¶ 11–
5 12; *see id.* ¶ 13. Second, on November 2, 2021, Dfinity contacted Mr. Bravick and made a second
6 written request for a date on which Dfinity's vendor could collect the hardware. *Id.* ¶ 13. Mr.
7 Bravick did not respond to either request, and Dfinity then reported his refusal to return the
8 equipment to the Palo Alto Police Department on March 30, 2022. *Id.* ¶¶ 12–14. Dfinity alleges
9 that a police officer contacted Mr. Bravick by telephone that same day and directed him to return
10 the equipment to Dfinity by April 29, 2022. *Id.* ¶ 14. Mr. Bravick did not return the equipment,
11 and another police officer called Mr. Bravick's telephone on May 10, 2022, in an attempt to
12 follow up with him. *Id.* ¶¶ 14–15. Mr. Bravick did not answer or return that phone call. *Id.* ¶ 15.

### B. Procedural History

On May 11, 2022—one day after the second police call to Mr. Bravick—Plaintiff filed suit in California Superior Court, County of Santa Clara. *See* Compl. at 1; ECF No. 1-4 ("Decl. of Joachim B. Steinberg in Support of Defendant's Notice of Removal) ¶ 3. The Complaint asserts five causes of action: (1) breach of contract; (2) conversion; (3) civil penalties under California Penal Code § 496(c); (4) restoration of property pursuant to California Civil Code § 1712; and (5) unjust enrichment/constructive trust. Compl. ¶¶ 17–52. Defendant removed the action to this Court on June 24, 2022. ECF No. 1. On July 1, 2022, Defendant filed the instant Motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for civil penalties or unjust enrichment/constructive trust. Mot. at 4, 8.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in the

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
3

complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). In evaluating a Rule 12(b)(6) motion, the district court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *See La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. DISCUSSION

#### A. Request for Judicial Notice

As a preliminary matter, the Court turns to Mr. Bravick's request that it take judicial notice of or incorporate by reference two emails sent on Dfinity's behalf to Mr. Bravick. ECF No. 8-3 ("RJN"). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute' [because] it is 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2016) (quoting Fed. R. Civ. P. 201). The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself," such as "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* at 1002 (citation omitted).

Neither email is a proper subject of judicial notice. Mr. Bravick seeks to use the emails to support his argument that Dfinity has not sufficiently alleged he had knowledge of possessing

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
4

stolen property, as is required for a claim for civil penalties under California Penal Code § 496(c). *See* Mot. at 2; ECF No. 20 ("Reply") at 8. The emails do not include words like "stolen" or "theft." *Id.* However, Dfinity does not allege otherwise. *See* Compl. ¶¶ 12–13. Taking notice of the emails would therefore serve only to adduce facts—beyond the mere lack of certain words—about whether the emails constituted sufficient notice to Mr. Bravick. The meaning of each email is therefore subject to reasonable dispute, and the Court will not take judicial notice of either one. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019).

Nor will the Court consider the emails to be incorporated by reference in the Complaint. The Complaint makes no direct mention of emails, and at best refers once, indirectly, to each email by alleging that Dfinity "contacted" Mr. Bravick on two dates. *See* Compl. ¶¶ 12–13. This is not an extensive reference to the emails by Dfinity. *Khoja*, 899 F.3d at 1003 ("For 'extensively' to mean anything under . . . it should, ordinarily at least, mean more than once.") (citation omitted). Further, the emails do not form the basis of Dfinity's claim for § 496(c) civil penalties, but rather are two of four alleged communications from or on behalf of Dfinity to Mr. Bravick about the return of the equipment. Compl. ¶¶ 12–15. Incorporating the emails by reference here would "merely create[] a defense" to the Complaint's allegations by "disputing the factual allegations," and the Court declines to do so. *See Khoja*, 899 F.3d at 1002–03.

### B. Civil Penalties Under Cal. Penal Code § 496(c)

California Penal Code § 496(c) provides that "[a]ny person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." The Complaint alleges that Mr. Bravick obtained Dfinity's equipment through conduct that constitutes theft and conversion in violation of California Penal Code § 496(a), such that civil penalties may be assessed against Mr. Bravick under § 496(c). Compl. ¶¶ 32–37. Mr. Bravick argues that Dfinity's claim for civil penalties under California Penal Code § 496(c) is (1) not sufficiently pleaded to state a claim and (2) barred by California's presumption against extraterritoriality. Mot. at 4–7; Reply at 2–9. The Court addresses each argument in turn.

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
5

### 1. Sufficiency of Allegations to State a Claim

"[T]he elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019). Mr. Bravick argues that Dfinity has not alleged facts establishing his current possession or control over the equipment at issue. Reply at 7. Current possession is not an element of a § 496(a) violation,[5] and the Court therefore disregards this argument. *See Switzer*, 35 Cal. App. 5th at 126 (describing elements of receipt and possession in past tense). Following the California Supreme Court's decision in *Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098 (2020), Mr. Bravick's sole remaining argument is that Dfinity has not adequately alleged he *knowingly* concealed or withheld stolen property. Mot. at 5–6; Reply at 8; *see* ECF No. 14 at 5–7 (striking other arguments regarding § 496 claim).

Dfinity alleges the following facts: (1) Dfinity provided the equipment to Mr. Bravick, Compl. ¶ 9; (2) Mr. Bravick knew he was required to return the equipment upon his termination, *id.* ¶¶ 10–11; (3) Dfinity requested the return of the equipment upon terminating Mr. Bravick's employment, *id.* ¶ 11; (4) Dfinity made two written requests to Mr. Bravick for the return of the equipment and caused the Palo Alto Police Department to contact Mr. Bravick twice regarding the equipment, *id.* ¶¶ 12–15; (5) Mr. Bravick did not respond to any of these communications and did not return the equipment, *id.* ¶ 16; and (6) Mr. Bravick "[a]t all relevant times . . . knew that the Equipment belonged to Dfinity and that he no longer had Dfinity's consent to use or retain the property," *id.* ¶ 34. Drawing all inferences in Dfinity's favor, the Court finds that Dfinity has sufficiently alleged for the purposes of showing a predicate § 496(a) violation that Mr. Bravick knew he was unlawfully concealing or withholding the equipment[6] from its rightful owner. *See People v. Truong*, 10 Cal. App. 5th 551, 557 (2017) (affirming one of two convictions under §

---

[5] If continued possession was an element of the offense, one could evade liability for receiving stolen property simply by selling or otherwise disposing of the property—an absurd result.
[6] As noted above, Mr. Bravick does not argue that Dfinity has insufficiently alleged that the equipment constitutes stolen property under § 496(a).

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
6

1  496(a) where defendant possessed credit cards bearing neighbors' names and reversing second
2  conviction due to prohibition against dual convictions for theft and receipt of stolen property).
3  The Court therefore DENIES the Motion with respect to the § 496(c) claim to the extent it is based
4  on Dfinity's failure to state a claim.

### 2. Presumption Against Extraterritoriality

Mr. Bravick additionally argues that because the alleged theft and conversion took place upon his supposed refusal to return Dfinity's property from Michigan, where he resides, assessing liability under California Penal Code § 496(c) would constitute an impermissible extraterritorial application of a state statute. Mot. at 7; Reply at 2–7. California has a presumption against extraterritoriality under which a state statute is considered inapplicable to "occurrences outside the state, … unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (internal quotation marks and citations omitted). Dfinity counters that Mr. Bravick is estopped from arguing that California law, including § 496(c), does not apply to his conduct because the employment contract contains a California choice of law clause. Opp. at 6–8. Dfinity also argues that the presumption against extraterritorial application of the California Penal Code is rebutted where, as here, the alleged unlawful conduct is intended to and does cause harm within California. *Id.* at 8–10.

Dfinity's choice of law argument is unavailing. "When a law contains geographical limitations on its application, [] courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003) (citations omitted). The Court agrees with other decisions in this district that have held that a California choice of law clause—without any indication of an exclusion—incorporates California's presumption against extraterritoriality and consequent implicit geographical limitation. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1004–05 (N.D. Cal. 2014); *Wright v. Adventures Rolling Cross Country, Inc.*, 2012 WL 12942824, at *4 (N.D. Cal. May 3, 2012); *see also Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1064–

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
7

65 (N.D. Cal. 2014) (rejecting non-California plaintiffs' argument that California choice of law clause permitted application of California Labor Code to work performed in other states). Accordingly, the Court finds that the California choice of law clause in the parties' employment contract does not overcome the presumption against extraterritorial application of California law absent an indication that such a presumption does not apply, *i.e.*, "whether there is a discernible legislative intent not to have 'geographic limitations'" in California Penal Code § 496. *O'Connor*, 58 F. Supp. 3d at 1005–06.

The Court finds that such an intention is not "clearly expressed" in § 496 and cannot be "reasonably . . . inferred from the language of the act or from its purpose, subject matter or history." *Sullivan*, 51 Cal. 4th at 1207. The statute contains no language about the section's jurisdiction, reach, or other geographical elements. *See* Cal. Penal Code § 496. The Court can find no case applying this section of the Penal Code extraterritorially; nor would such an application make sense without limiting circumstances, as a broad reading of the statute would criminalize in California the receipt of stolen property in any state, and similarly permit the imposition of civil penalties in California for such out-of-state conduct. *See Flannery v. Prentice*, 26 Cal. 4th 572, 578 (2001) ("We avoid any construction that would produce absurd consequences.") (citations omitted). Dfinity argues that its residence in California means that the harm of the alleged unlawful conduct was felt within the state, so that the California Penal Code applies to the harmful acts. Opp. at 8–9. However, as Dfinity itself points out, the California legislature included "multiple long-arm statutes [in the Penal Code] that allow California courts to exercise jurisdiction extraterritorially." *Id*. at 9. The absence of similarly express language regarding the reach of § 496 therefore indicates that the state legislature did not intend for the statute to broadly reach other conduct in other states.

As alleged, the violation of California Penal Code § 496(a) that provides the basis for Dfinity's claim for civil penalties under § 496(c)—*i.e.*, the wrongful withholding of Dfinity's equipment—took place solely in Michigan. *See* Compl. ¶¶ 8, 9, 16, 33. This claim is therefore barred by the presumption against extraterritoriality and subject to dismissal. However, the Court

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
8

1   cannot conclude that amendment would be futile.  As noted above, the Penal Code contains

2   provisions that permit extraterritorial jurisdiction.  *See, e.g.*, Cal. Penal Code § 778a(a)

3   ("Whenever a person, with intent to commit a crime, does any act within this state in execution or

4   part execution of that intent, which culminates in the commission of a crime, either within or

5   without this state, the person is punishable for that crime in this state in the same manner as if the

6   crime had been committed entirely within this state.").  The Court therefore GRANTS the Motion

7   with respect to the § 496(c) claim to the extent it is based on the presumption against

8   extraterritoriality, with leave to amend.

### C.   Unjust Enrichment / Constructive Trust

Mr. Bravick also challenges Dfinity's fifth cause of action for "unjust enrichment / constructive trust" on the ground that both unjust enrichment and constructive trust are remedies, rather than causes of action under California law.  Mot. at 8–10; Reply at 9–12.

#### 1.   Unjust Enrichment

As stated by both parties, a court may construe a claim for unjust enrichment as a claim for quasi-contract.  Mot. at 8; Opp. at 10; *see Astiana v. Haim*, 783 F.3d 753, 762 (9th Cir. 2015).  Mr. Bravick argues that Dfinity may not bring a quasi-contract cause of action where an express contract exists and governs the parties' rights.  Mot. at 8–9.  Although, as Mr. Bravick argues, "a quasi-contract action for unjust enrichment does not lie where … express binding agreements exist and define the parties' rights," a plaintiff may "nonetheless . . . seek restitution on a quasi-contract theory 'where the defendant obtained a benefit from the plaintiff by . . . conversion[] or similar conduct.'"  *Hall v. Marriott Int'l, Inc.*, 2020 WL 4727069, at *13 (S.D. Cal. Aug. 14, 2020) (citations omitted).  Dfinity is not precluded from bringing a quasi-contract action solely because it alleges the existence of a governing contract between the parties, as it also alleges a cause of action for conversion.  Compl. ¶¶ 24–31.  Additionally, Mr. Bravick does not concede the existence of a valid contract between the parties, and Dfinity may continue to pursue an alternative theory of relief.  Mot. at 2 n.2; *see* Fed. R. Civ. P. 8 (complaint may seek relief based on alternative claims, regardless of consistency).

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
9

1    Although Dfinity may state a quasi-contract action for unjust enrichment under the
2    circumstances, the Court agrees with Mr. Bravick that Dfinity has not done so. Mot. at 9.
3    Although an "inartful" quasi-contract cause of action may still be valid, Dfinity makes no
4    indication in the Complaint that its unjust enrichment cause of action is based on a quasi-contract
5    theory. *Cf. Astiana*, 783 F.3d at 762 (holding "straightforward statement" that plaintiffs were
6    "entitled to relief under a 'quasi-contract' cause of action because [defendant] had 'entic[ed]'
7    plaintiffs to purchase their products through 'false and misleading' labeling, and that [defendant]
8    was 'unjustly enriched' as a result" sufficient to state a quasi-contract cause of action). The Court
9    therefore GRANTS the Motion with respect to the unjust enrichment claim, with leave to amend.

### 2.    Constructive Trust

Like unjust enrichment, the imposition of a constructive trust is "technically . . . a remedy, rather than a freestanding claim." *Microsoft Corp. v. Suncrest Enterp.*, 2006 WL 1329881, at *8 (N.D. Cal. May 16, 2006). However, because "as a matter of practice constructive trust commonly is pleaded as a separate claim," the Court will not grant Mr. Bravick's Motion on this basis. *Id.* Additionally, the Court finds that Dfinity has adequately alleged facts that, if true, would entitle it to the imposition of a constructive trust. "[A] constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *Campbell v. Super. Ct.*, 132 Cal. App. 4th 904, 920 (2005). Dfinity has alleged the existence of equipment provided to Mr. Bravick for his employment under a contract providing for the return of the equipment to Dfinity upon termination of employment, and that Mr. Bravick has not returned the equipment following his termination. Compl. ¶¶ 7, 9, 10, 16. Accordingly, the Court DENIES Mr. Bravick's Motion with respect to Dfinity's claim for a constructive trust.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Bravick's Motion is GRANTED IN PART as follows:

1. Dfinity's cause of action for civil penalties under California Penal Code § 496(c) is

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
10

DISMISSED as barred by the presumption against extraterritoriality; and

2. Dfinity's unjust enrichment claim is DISMISSED for failure to state a claim.

The Motion is otherwise DENIED.

Dfinity may amend the Complaint to address the deficiencies addressed in this Order. Any amended complaint must be filed within 14 days of the posting of this Order.

**IT IS SO ORDERED.**

Dated: March 29, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-03732-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOT. TO DISMISS
11