| | |
|---|---|
| GABRIEL M. RAMSEY (SBN 209218)<br>  gramsey@crowell.com<br>JOACHIM B. STEINBERG (SBN 298066)<br>  jsteinberg@crowell.com<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Telephone: 415.986.2800<br>Facsimile: 415.986.2827<br><br>Attorneys for Defendant<br>ERIC BRAVICK | Bradford K. Newman, State Bar No. 178902<br>  bradford.newman@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>600 Hansen Way<br>Palo Alto, CA  94304-1044<br>Telephone: +1 650 856 2400<br>Facsimile: +1 650 856 9299<br><br>Christina M. Wong, State Bar No. 288171<br>  christina.wong@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>2 Embarcadero Center, Floor 11<br>San Francisco, CA 94111<br>Telephone: +1 415 576 3000<br>Facsimile: +1 415 576 3099<br><br>Attorneys for Plaintiff<br>DFINITY USA RESEARCH, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFINITY USA RESEARCH, LLC, a limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>ERIC BRAVICK, an individual and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No. 5:22-cv-03732-EJD<br><br>**JOINT STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Complaint filed:  May 11, 2022 |

By and through their respective counsel, Plaintiff DFINITY USA Research, LLC ("DFINITY") and Defendant Eric Bravick ("Bravick") (collectively, "Parties") submit this joint statement in response to the Order to Show Cause re Settlement (Dkt. Nos. 25 and 27).

**A.     Status of the Settlement Agreement**

Although the Parties agreed in principle upon the economics of a settlement and expectation that a written settlement agreement would be prepared, the Parties have since exchanged multiple settlement agreement iterations and have agreed in principle on all but one term of the settlement—the scope and nature of the release.

### 1.     Plaintiff's Substantive Position

In response to DFINITY's multiple demands that Defendant Bravick return the nearly $200,000 worth of computer hardware that DFINITY sent to him while he was employed by DFINITY and working from home during the COVID era, Defendant Bravick refused to return the equipment, forcing DFINITY to file this lawsuit in May 2022.

Nearly a year into this lawsuit, on March 30, 2023, Defendant Bravick agreed to a monetary settlement of this case. Accordingly, on April 12, DFINITY filed a notice of settlement with the Court indicating that the parties had reached an agreement in principle and expected to finalize a settlement agreement within 30 days. (Dkt 24.) The Court issued an order vacating all pretrial dates and ordered the parties to file a joint statement regarding the status of settlement efforts on or before May 19. (Dkt. 25.)

On March 30, Defendant Bravick sent a draft settlement agreement to DFINITY for the agreed monetary amount and a unilateral release of DFINITY's claims including a unilateral release and waiver of California Civil Code section 1542 by DFINITY. On April 21, DFINITY sent its own draft settlement agreement to Defendant Bravick for the agreed monetary amount and with standard settlement terms, including full mutual releases by both parties and waivers of California Civil Code section 1542. The mutual release terms are necessary and appropriate to resolve this dispute in light of Defendant Bravick's previous and repeated threats that he plans to assert unspecified counterclaims against DFINITY.

Defendant Bravick responded to DFINITY's draft settlement agreement stating that, among other things, he would not agree to a mutual release of claims.  In an effort to accommodate Defendant Bravick's position, on May 10, DFINITY proposed additional edits to the draft settlement agreement whereby DFINITY would provide a limited release of its claims asserted in the complaint but would not release unknown claims or provide a Section 1542 waiver and Defendant Bravick would not release any of his unspecified claims.

On May 15 and again on June 14, 2023, Defendant Bravick responded that he would not accept a limited release by DFINITY.  Defendant Bravick insisted that any settlement must include a full unilateral release by DFINITY and must not require any releases of Defendant Bravick's unspecified claims.

Given Defendant Bravick's repeated threats of unspecified counterclaims, DFINITY cannot agree to his demand for a full release by DFINITY of all of its claims without any reciprocal release from Defendant Bravick.

On May 18, 2023, Defendant Bravick, through counsel, offered to agree to an extended negotiation period.  Plaintiff agreed and on May 19, the parties notified the Court.  During this period, Defendant Bravick has not modified his position on the critical release issue at all, begging the question of why Defendant Bravick sought additional delay.

**2.      Defendant's Substantive Position**

Mr. Bravick disputes all liability to DFINITY and has sought to settle the matter due to the relatively low value in relation to litigation expense. Mr. Bravick desires a general release from DFINITY, releasing all known and unknown claims (including a standard waiver of Cal. Civ. Code § 1542), which is standard in this type of matter.   Mr. Bravick will not accept anything less than a full release of DFINITY's claims, which is standard in simple cases such as these, where Mr. Bravick is agreeing to pay a sum of money to DFINITY to end the litigation and buy peace. A release short of a full general release here would encourage further disputes and result in piecemeal litigation. DFINITY was obliged to investigate any potential claims against Mr. Bravick before bringing this action, and therefore it is not unfair or inappropriate for DFINITY to release any and all unknown claims.

Further, the settlement is unilateral, in that Mr. Bravick is to pay DFINITY a sum of money tied to DFINITY's claims asserted in the Complaint. No claims by Mr. Bravick have been asserted against DFINITY, and no consideration has been included to support a release by Mr. Bravick in favor of DFINITY. Therefore, a mutual release was never anticipated, nor discussed between the Parties, nor appropriate in this matter. It is unfortunate that DFINITY has chosen to derail the potential settlement and prolong this straight-forward litigation, but Mr. Bravick is not willing to succumb to DFINITY's strong-arm tactics and will only agree to a settlement upon reasonable terms.

**B.     Prospects for Further Negotiation**

**Plaintiff's Position:** DFINITY continues to be willing to negotiate a settlement of its claims. However, the final agreement must include a mutual release of claims. Defendant Bravick has indicated that he will not provide a release of his unspecified claims against DFINITY, which leaves open the possibility of future and piecemeal litigation. DFINITY cannot accept such terms.

**Defendant's Position:** Mr. Bravick is willing to continue to negotiate the settlement agreement, that result in a general release in his favor and dismissal by DFINITY. Should DFINITY be unwilling to provide a full general release of claims against Mr. Bravick , he does not believe that negotiations are likely to be successful and would prefer to move forward with the matter at the Court's direction. Alternatively, should DFINITY agree to engage in good faith negotiations to purchase a release by Mr. Bravick (to date DFINITY has not done so), Mr. Bravick would certainly participate in further good faith settlement negotiations.

**C.     Procedural Next Steps**

If there is no settlement to be achieved, the parties request that the Court place this matter back on the Court's active docket.

If the case is to proceed, DFINITY requests that the Court grant it 14 days from the date that the case becomes active to file an amended complaint following the Court's order on Bravick's motion to dismiss (Dkt. 23) and the Court's order vacating all pretrial deadlines following the parties' notice of settlement (Dkt. 24 & 25).

Mr. Bravick's position is the time for DFINITY to file an amended complaint pursuant to the Court's Order Granting In Part Mr. Bravick's Motion to Dismiss expired April 12, 2023. *See* 03/29/2023 Order (Doc# 23) (amendment permitted within 14 days). In that respect, the Notice of Settlement unilaterally filed by DFINITY (Dkt. No. 24, Apr. 12, 2023) did not abate or stay the deadline to amend, nor did Mr. Bravick authorize or stipulate to any extension.[1]  Therefore, should the matter proceed there should be no further opportunity for DFINITY to amend the complaint without obtaining further leave pursuant to the Federal Rules of Civil Procedure.

Dated:  June 16, 2023                                   Respectfully submitted,

                                                                        CROWELL & MORING LLP


                                                                        By: */s/ Joachim B. Steinberg*
                                                                                Gabriel M. Ramsey
                                                                                Joachim B. Steinberg

                                                                                Attorneys for Defendant
                                                                                ERIC BRAVICK

Dated:  June 16, 2023                                   BAKER & McKENZIE LLP


                                                                        By: */s/ Bradford K. Newman*
                                                                                Bradford K. Newman
                                                                                Christina M. Wong

                                                                                Attorneys for Plaintiff
                                                                                DFINITY USA RESEARCH, LLC

---

[1] That Notice of Settlement states that "*the Parties* respectfully request that this Court stay all proceedings in this action, including the April 12, 2023 deadline for Plaintiff to file an amended complaint." (Emphasis added).  However, counsel for Mr. Bravick was never consulted in that respect and would not have agreed to extend that deadline. Therefore it is not accurate that "the Parties" requested all deadlines be stayed, including the deadline to amend the complaint.

**FILER'S ATTESTATION**

I, Joachim B. Steinberg, am the ECF user whose identification and password is being used to file this JOINT STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that the other above-named signatories concur in this filing.

DATED:  June 16, 2023			*/s/ Joachim B. Steinberg*
					Joachim B. Steinberg